**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HALLORAN, et al. | : | DOCKET NO. 3:16-cv-00133-VAB |
| Plaintiffs | : | |
| v. | : | |
| HARLEYSVILLE PREFERRED INSURANCE CO., et al., | : | |
| Defendants. | : | MARACH 25, 2016 |

# Plaintiffs' Motion for Rule 16 Pretrial Conference and Motion to Stay Filings

## I. INTRODUCTION.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Plaintiffs move for an initial case management pretrial conference. Additionally, Plaintiffs move for a Stay of all Filings and Deadlines until such time that a Rule 16 Scheduling Conference has occurred.

## II. REQUEST FOR RULE 16 SCHEDULING CONFERENCE.

Plaintiffs respectfully request the issuance of an Order which promptly schedules a Rule 16 conference.

The Plaintiffs propose at said conference the following topics be discussed;

(A) Identifying and narrowing issues of fact and law;
(B) Determining what and if any threshold dispositive motions exist; establishing deadlines and limits on joinder of parties and amended or additional pleadings;
(C) Coordinating with related litigation in federal and state courts, including later filings, removals, or transfers;
(D) Effecting early resolution of jurisdictional issues;
(E) Referring, if possible, some matters to magistrate judges, special masters, or other judges;

(F) Appointing liaison, lead, and trial counsel and special committees, and maintaining time and expense records by counsel;
(G) Determining whether to appoint interim class counsel during the period before class certification is decided;
(H) Determining whether any jurisdictional discovery is needed or if any discovery is needed to decide whether to certify the proposed class;
(I) Reducing filing and service requirements through master file and orders under Federal Rule of Civil Procedure 5;
(J) Exempting parties from or modifying local rules or standing orders;
(K) Planning for prompt determination of class action questions, including a schedule for discovery and briefing on class issues;
(L) Managing disclosure and discovery, including establishing
- A process for preserving evidence;
- Document depositories and computerized storage;
- A uniform numbering system for documents;
- Procedures for the exchange of documents, photographs, videos, and other materials in digital format;
- Procedures for the exchange of digit-format materials, such as databases, fax server files, PDA (personal digital assistant) files, E-mail, digital voicemail;
- Informal discovery and other cost-reduction measures;
- Procedures for resolving discovery disputes;
- Protective orders and procedures for handling claims of confidentiality and privilege;
- Sequencing and limitations, including specific scheduling and deadlines;
(M) Planning for the presentation of electronic or computer-based evidence at trial, including the use of any audiovisual or digital technology in the courtroom;
(N) Setting guidelines and schedules for the disclosure and exchange of digital evidentiary exhibits and illustrative aids;
(O) Establishing procedures for managing expert testimony;
(P) Creating schedules and deadlines for various pretrial phases of the case and setting a tentative or firm trial date; discussing any unresolved issues of recusal or disqualification;
(Q) Evaluating prospects for settlement or possible referral to mediation or other procedures; and
(R) Instituting other special procedures to facilitate management of the litigation.

1. In order to meet the March 18, 2016 deadline for a 26(f) conference pursuant to the Court's Pretrial Deadlines, or file a Joint Motion to Extend the deadline for such a conference, Plaintiffs' Counsel and Attorney Richard Fenton (representing several of the defendants) had several telephone conferences to coordinate scheduling in this matter. Plaintiffs' counsel have high regard for Attorney Fenton, who has been professional, courteous and done everything he can to coordinate scheduling in this matter. Despite our best efforts to reach an agreement whereby we would move the court to modify certain deadlines, we are unable to file such a joint motion.

Given the Plaintiffs' desire to reduce the burden on the Court, the size and complexity of this matter, the number of defendants in this matter, and the number of defendants who do not recognize Attorney Fenton as a mouthpiece for them at this time, Plaintiffs' counsel believe that it is critical to schedule a Rule 16 conference.

2. Some background is appropriate to put this Motion into context. Plaintiffs filed a First Amended Complaint on Thursday, March 17, 2016. FRCP 15(a)(1) permits such an amendment as of right. The First Amended Complaint adds fourteen (14) defendants to the case. These new defendants are in the process of being served.

3. Over the course of the past two (2) weeks, Plaintiffs' counsel and Attorney Fenton have discussed a number of scheduling issues regarding the instant case. Attorney Fenton has represented that, for the purposes of coordinating some scheduling issues at the outset of this litigation, he is speaking on behalf of somewhere between 50% and 75% of the defendants in this matter.

His discussions with me have been for the very limited purpose of scheduling issues and issues relating to the 26(f) conference and 26(f) report. Plaintiffs counsel and Attorney Fenton have enjoyed an exceedingly professional and productive relationship through the date of this filing. Plaintiffs' counsel submits to this court that Attorney Fenton has conducted himself courteously, in attempting to coordinate with Plaintiffs' counsel a modification to certain deadlines in this case.

  4. Despite Attorney Fenton's good faith efforts and diligence regarding striving to reach an agreement on a modification of certain deadlines, there are other parties who have indicated to Plaintiffs' counsel that they are not following the advice of Attorney Fenton to work diligently with Plaintiff's counsel to effectively and efficiently begin the process of case management in this rather complex case.

  5. Plaintiffs' counsel has received written and oral communications from various defense counsel who either are not aware that Attorney Fenton is coordinating this scheduling effort for the time being or are aware of this and have told Plaintiffs' counsel that they will not comply with Attorney Fenton's attempts at recommending a proper course of scheduling. For example, one such attorney is Jon Whitcomb, who represents PURE. After Plaintiffs' counsel had a productive telephone conference with Attorney Fenton and Attorney Jack Papa of the law firm of Howard, Kohn, Sprague & Fitzgerald, for whom Plaintiffs' counsel has deep regard, Attorney Whitcomb immediately called Plaintiffs' counsel. Attorney Whitcomb said that Atty. Fenton and Atty. Papa do not speak for him or his client and that he would be filing at least one motion if his client

4

was not removed from the case. Plaintiffs' counsel has agreed to work with Attorney Papa and a group of defense counsel whose clients believe they should be removed from this case for the same reasons as PURE. Plaintiff's counsel has asked Attorney Papa to obtain certain information from his client to better enable Plaintiffs' counsel to determine whether these defendants should be removed from the case. Plaintiffs' counsel is looking forward to working with Attorney Papa and attorneys with similar issues, in an effort to reach a swift resolution of their issues where possible.

      6. On March 17, 2016, Plaintiffs' counsel received an email from Attorney Whitcomb indicating that he will be suing Plaintiffs' law firm for suing his client. This comes on the heels of a letter last week from his colleague, Attorney Wagner, that he would be filing a Motion for Sanctions in this matter if his client was not removed by 5pm on March 16, 2016.

      7. On March 22, 2016, Plaintiffs' counsel was emailed a copy of a Motion for Sanctions that Attorney Whitcomb will be filing with this Court after a date certain if Plaintiffs' counsel does not voluntarily withdraw PURE with prejudice.

      8. Given the early stage of this case, and the attempts by a group of competent and highly courteous and professional defense counsel attempting to work with Plaintiffs' counsel to put together the beginnings of a case management plan, these efforts are seriously undercut by the actions of Attorney Whitcomb. Also undermining the good faith efforts by the lawyers noted above are written and oral communications from other Defendant's attorneys in this case who have either: (1) written to Plaintiffs' Counsel requesting a dismissal by a date certain but not acknowledging a reply sent within minutes kindly asking for

minimal information about the defendant; (2) indicated that they would be proceeding in a different fashion than that which has been proposed by Attorney Fenton; or (3) saying that they are not aware that Attorney Fenton is involved in the case.

9. It is apparent that, despite the tremendous strides that Attorney Frenton has taken to work out dates that are acceptable among a large number of defendants, there is a need for a Rule 16 Pretrial Conference to take place as soon as possible.

10. Here, a Rule 16 Conference would allow the parties and the Court the opportunity to discuss the most efficient way to proceed with this litigation so that the Court is not burdened with duplicative motions and duplicative discovery. Plaintiffs believe that, due to the size and complexity of this case, special procedures for coordination of counsel, coordination of motion filings and managing discovery, among other things, should be developed and implemented in a case management plan that is tailored to the particular circumstances of this case.

### III.  THE ORDERLY ADMINISTRATION OF JUSTICE REQUIRES A STAY IN THIS ACTION.

Plaintiffs request that any and all adversarial proceedings, including the filing of any pleadings and or motions and their respective deadlines be stayed until a Rule 16 Conference occurs. The Court has inherent authority to enter a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time

and effort for itself, for counsel, and for litigation.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).  Efficiency and economy weigh heavily in favor of a stay until a Rule 16 conference takes place in this case.  There are over 100 defendants.  If a stay is not granted until a conference is held, the Court may be met with an avalanche of motions by the various defendants.  It is necessary for the Court to address the issues raised in Section II, ¶¶ (A)-(R) of this Motion in order to be out in front of the case management issues that are inevitable if no such conference is held.  It would be efficient, economic and fair, for instance, to establish a case management order limiting the number of Motions to Dismiss to be filed.  The administration of justice will benefit from such an order that seeks to head off a tremendous waste of judicial resources.  The orderly administration of justice would also benefit from the appointment of a defense counsel liaison(s) and a pre-certification Plaintiff's class counsel through which the parties may communicate on the various legal issues that are identified by defense counsel.  Defendants will not suffer any prejudice by the Court scheduling a Rule 16 conference and staying proceedings until such conference has occurred.  Accordingly, Plaintiffs' counsel respectfully requests this Court to issue a stay until there has been a Rule 16 Scheduling Conference.

### IV.  CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this action be stayed pending the occurrence of a Rule 16 Scheduling Conference.  Plaintiffs' counsel will submit a proposed case management plan prior to the date of the pretrial conference.  In the meantime, Plaintiffs' counsel is willing to

continue to work with Attorney Fenton to reach consensus on as many issues that will help this Court establish an initial case management order to permit the orderly and efficient development of this case.

**Plaintiffs Michael and Joyce Halloran, Kenneth and Victoria Masciovecchio, Steven and Patricia Brozek, and Michael Dyer, individually and on behalf of those similarly situated,**

BY   /s/   _____
   Ryan P. Barry (ct21683)
   Anthony Spinella, Jr. (ct29782)
   Barry & Barall, LLC
   202 West Center Street
   Manchester, CT 06040
   (860) 649-4400
   (860) 645-7900
   rbarry@barryandbarall.com
   anthony@barryandbarall.com
   THEIR ATTORNEYS

## Certificate of Service

I hereby certify that on March 25, 2016, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

     /s/   _____
     Ryan P. Barry
     Anthony Spinella, Jr.