**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HALLORAN, et al. | : DOCKET NO. 3:16-cv-00133-VAB |
| Plaintiffs | : |
| v. | : |
| HARLEYSVILLE PREFERRED INSURANCE CO., et al., | : |
| Defendants. | : April 8, 2016 |

# PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER

## I. LIAISON COMMITTEE

A. Members

There shall be a committee of liaison counsel (the "Liaison Committee"), which shall consist of the following counsel: (1) Ryan P. Barry and Anthony Spinella, Jr. at Barry & Barall, LLC ("Co-Interim Class Counsel"), and (2) and a member of the Defense Steering Committee. On or before May 15, 2016, the Defendants' counsel shall convene in person for the purpose of appointing a Defense Steering Committee. The Committee shall be composed of five (5) members, including a Chair or Co-Chairs. The purpose of the Steering Committee will be for its members to serve as spokespersons for all Defendants throughout this litigation. The Chair shall notify the Court of the appointees on or before May 17, 2016.

B. Duties of Liaison Committee

It shall be the duty of the Liaison Committee to coordinate administrative and discovery matters presented by this litigation. The Liaison Committee shall have the administrative duties specified in this and subsequent Court Orders, but shall not otherwise act on behalf of the parties in the action.

## II. COORDINATION OF LITIGATION AMONG DEFENDANTS

The Defendants shall coordinate their efforts to the maximum extent possible to avoid duplicative efforts. Such coordination will include, but not be limited to, joint discovery and motion practice on issues of common interest.

### III.  MOTION PRACTICE

    A.  Plaintiffs filed a Complaint on January 29, 2016.  Plaintiffs filed a First Amended Complaint on March 17, 2016.  Plaintiffs have until April 23, 2016 to file a Motion for Leave to File an Amended Complaint.  Defendant is stayed from filing any motion with this Court until after this Court rules on the Motion for Leave to File Amended Complaint.

    B.  Defendants Motions to Dismiss are due thirty (3) days after the date upon which the Court rules on the Motion for Leave to File Second Amended Complaint.  Pursuant to ¶ II above, Defendants shall be limited to filing no more than three (3) Motions to Dismiss.  Defendants may file a Motion for Leave to File one (1) or more additional such motions upon a showing to this Court of good cause for same.

### IV.  DISCOVERY

    A.  The discovery attached hereto as Exhibit A is the only permitted Discovery, except as expressly provided in Section IV, B.  All other discovery is stayed until further order of the Court, and the time requirements to perform any acts or file any papers under Rules 26 through 37 are tolled until the next Case Management Conference, during or following which a further Order may be made.

    B.  The Plaintiffs and the Defendants are immediately allowed to seek limited discovery ("Test Discovery").  The purpose of the Test Discovery is to avoid duplication of efforts amongst the parties, promote judicial economy and assist with judicial administration.  The parties to be involved in the test discovery are the named Plaintiffs, the Insurance Services Office, Inc. ("ISO") and the following insurance company defendants:  Encompass Indemnity Company, Encompass Ins. Co. of America, AllState Insurance Co. of America, AllState Indemnity Co., Allstate Property and Casualty Insurance Company, Kemper Independence Insurance Company, Metropolitan Group Property & Casualty Ins. Co, Metropolitan Property & Casualty Insurance Company, Patrons Mutual Insurance Company of Connecticut.  ISO is represented by Davis, Polk & Wardwell LLP and Hurwitz, Sagarin, Slossberg & Knuff LLC.  The remainder of these Test Discovery defendants are presently represented by Attorney Richard Fenton of the Dentons law firm.  All discovery not contemplated in Section V, A & B is stayed until further order of the Court.  The Defendants listed in the Test Discovery are a sample of Defendants who fall into the following categories: (1) Defendants who currently insure one or more of the named Plaintiffs' homes; (2) Defendants who have previously insured one or more of the named Plaintiffs' homes during the time they have owned the home; (3) Defendants who do not currently insure and have not previously insured any of the named Plaintiffs' homes and (4) a Defendant non-insurance company who Plaintiffs allege have caused injury to plaintiffs.

   C. The Test Discovery contemplated in Paragraph B of this section shall be limited to depositions, interrogatories and requests for production.  The interrogatories and requests for production shall be limited to 25 questions and requests respectively.

   D. Any orders including protective orders previously entered by this Court remain in effect unless modified by this Court.

   E. Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action and any subsequently consolidated actions.

   F. All other matters will be open to consideration at the next Case Management Conference, to be held July 12, 2016, at 10:00 a.m.  All counsel, if able to agree, are directed to file, on or before June 30, 2016, a Joint Proposed Agenda for the next Case Management Conference.  If unable to agree, counsel are to file separate submissions on or before that date.

## V. MONTHLY TELEPHONE CONFERENCES

   On the first Wednesday of each month, at 8:30 a.m. (Eastern Time), beginning May 12, 2016, a magistrate will hold a telephone conference with the Liaison Committee.  The purpose of these conferences is to assess the progress of the litigation and address any concerns that may have arisen since the prior telephone conference.

   Additional or amended Case Management Orders will be considered at the request of any party as the litigation progresses.  Absent such additional or amended Case Management Orders, this Order and the schedules set forth herein shall govern.

   DATED this _____ day of _____, 2016.

               _____
               Judge Victor A. Bolden
               United States District Judge

# Exhibit "A"

1.      Any and all documents defined in the Federal Rules of Evidence, including, but not limited to, any communications between Defendant ISO (including any of ISO's agents, servants, representatives, subsidiaries and or parent company) and the remaining insurance defendants regarding the coverage of collapse in homeowners insurance policies.

2.      Any and all documents defined in the Federal Rules of Evidence, including, but not limited to, any communications between Defendant ISO (including any of ISO's agents, servants, representatives, subsidiaries and or parent company) and the remaining insurance defendants regarding any claims or potential claims in Connecticut arising from homeowners who have basement walls that are cracking, bulging, caving in or otherwise deteriorating.

3.      Any and all documents defined in the Federal Rules of Evidence, including, but not limited to, any communications between the insurance company Defendants and the remaining insurance Defendants ("Insurance Company Defendants") regarding any claims or potential claims in Connecticut arising from homeowners who have basement walls that are cracking, bulging, caving in or otherwise deteriorating.

4.      A copy of all homeowners insurance policies used in Connecticut by the Insurance Company Defendants identified in ¶ 5.B between 1984 and the present.

5.      A copy of any and all ISO homeowners' policy forms that were written from 1984 to the present.