UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL AND JOYCE HALLORAN, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> HARLEYSVILLE PREFERRED INSURANCE COMPANY, ET AL. <br><br> Defendants. | CIVIL ACTION NO: 3:16-CV-00133-VAB <br><br><br> May 26, 2016 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The undersigned defendants, on behalf of themselves and the defendants listed in Exhibit 1 attached hereto (collectively, "Defendants"), respectfully respond to Plaintiffs' Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 [Doc. 290] as follows:

1. This case was commenced by the filing of a complaint on January 29, 2016. After receiving the complaint, plaintiffs' counsel were advised orally and in writing that the court lacks subject matter jurisdiction over the counts asserted against most defendants and that all counts fail to state a claim for which relief can be granted. Certain defendants advised plaintiffs that the complaint failed to comply with the Federal Rules of Civil Procedure because, among other things, it includes material factual allegations and legal assertions that are verifiably incorrect.

2. On March 17, 2016, plaintiffs filed an amended complaint. Plaintiffs were again advised privately and in court filings that the amended complaint suffers from the same defects – lack of subject matter jurisdiction and failure to state a claim. *See, e.g.*, Certain Defendants' Non-Consented Motion for Entry of Proposed Case Management Plan [Doc. 240–241].

1

3. Plaintiffs now seek leave to have a third bite at the apple by filing a Second Amended Complaint that primarily adds new named plaintiffs, but which suffers from precisely the same defects of lack of subject matter jurisdiction and failure to state a claim as the prior complaints. Among other defects, plaintiffs did not buy insurance from the overwhelming majority of defendants. Therefore, plaintiffs lack standing to sue under controlling Second Circuit precedent, *Mahon v. Ticor Title Insurance Co.*, 683 F.3d 59, 64-65 (2d Cir. 2012) (named plaintiff lacks Article III standing to assert class action claims for violation of Connecticut statutory and common law against defendants that did not injure him), and they have made no effort to cure this defect in their pleadings.

4. Notwithstanding the foregoing, Defendants do not oppose the filing of this Second Amended Complaint because Defendants believe that in the unique circumstances of this case the interests of judicial efficiency and economy for all parties militate in favor of permitting plaintiffs to amend in advance of Defendants' dispositive Rule 12 motions, so that the court has before it plaintiffs' most comprehensive articulation of their supposed causes of action when determining whether plaintiffs have stated or can state a claim against any Defendant.

5. By not opposing Plaintiffs' Motion for Leave to Amend, Defendants do not waive and specifically reserve their position on subject matter jurisdiction, all defenses to the operative complaint and all remedies that may be available to them. Defendants will move to dismiss the operative complaint pursuant to FRCP 12(b) because the court lacks subject matter jurisdiction over the claims set forth therein and/or it fails to state a claim for which relief can be granted.

6. Defendants will move to dismiss the operative complaint and seek any other appropriate relief within 30 days after the court rules on Plaintiffs' Motion for Leave to Amend, pursuant to the schedule set forth in the court's order of April 12, 2016 [Doc. 254].

Dated:  May 26, 2016                              Respectfully submitted,

/s/ Richard L. Fenton
Richard L. Fenton, phv08139
Mark L. Hanover, phv08143
Kristen C. Rodriguez, phv08145
DENTONS US LLP
233 S. Wacker Dr., Ste. 5900
Chicago, IL 60606
T:      (312) 876-8000
F:      (312) 876-7934
richard.fenton@dentons.com
mark.hanover@dentons.com
kristen.rodriguez@dentons.com

*Attorneys for Allstate Indemnity Company, Allstate Insurance Company of America, Allstate Property and Casualty Insurance Company, Economy Premier Assurance Company, Encompass Indemnity Company, Encompass Insurance Company of America, Kemper Independence Insurance, Merastar Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Metropolitan Property and Casualty Insurance Company, Patrons Mutual Insurance Company of Connecticut , Unitrin Direct Property & Casualty Company, and Unitrin Preferred Insurance Company*

Elizabeth F. Flynn, CT03472
FITZHUGH & MARIANI LLP
155 Federal St., Ste. 1700
Boston, MA 02110-1727
T:      (617) 695-2330
F:      (617) 965-2335
eflynn@fitzhughlaw.com

*Attorneys for Allstate Indemnity Company, Allstate Insurance Company of America, Allstate Property and Casualty Insurance Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Patrons Mutual Insurance Company of Connecticut*

Daniel P. Scapellati, CT03855
HALLORAN & SAGE, LLP
225 Asylum Street
Hartford, CT 06103
T:	(860) 522-6103
F:	(860) 548-0006
scapellati@halloransage.com

*Attorneys for Economy Premier Assurance Company, Metropolitan Group Property and Casualty Insurance Company, Metropolitan Property and Casualty Insurance Company, Kemper Independence Insurance, Unitrin Direct Property & Casualty Company, Unitrin Preferred Insurance Company, and Merastar Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system as indicate on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Richard L. Fenton

96937753\V-6