**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL HALLORAN, JOYCE HALLORAN, et al., individually and on behalf of those similarly situated,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>HARLEYSVILLE PREFERRED INSURANCE COMPANY, HARLEYSVILLE WORCESTER INS. CO., et al.,<br>　　　Defendants. | No. 16-cv-113 (VAB) |

<u>**ORDER ON MOTION TO AMEND COMPLAINT**</u>

Pending before the Court is Plaintiffs' motion for leave to amend and for permissive joinder, ECF No. 332, seeking permission for Plaintiffs to file the Substituted Third Amended Complaint, ECF No. 339-1, and for the permissive joinder of new Plaintiffs and Defendants listed in the Substituted Third Amended Complaint. Defendants consent to Plaintiffs' motion for leave to amend and for permissive joinder. *See* ECF No. 338; ECF No. 340; ECF No. 341; ECF No. 342.

Because Defendants consent to the Plaintiffs' motion for leave to amend and for permissive joinder, ECF No. 332, the Court **GRANTS** Plaintiffs' motion for leave to amend and for permissive joinder.

Defendants, in their responses to Plaintiffs' motion, request that the "Court issue an order that Plaintiffs be precluded from any further amendments in the absence of good cause." ECF No. 340 ¶ 2. Under Rule 15, the Court "should freely give leave" to a parties' request to amend

1

its pleading.  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has stated that "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  Defendants cite no authority supporting their request that the Court preemptively impose a good cause standard on Plaintiffs' potential future requests to further amend the complaint in this case.  The Court will not, therefore, order that Plaintiffs be precluded from any further amendments to the complaint in the absence of good cause.

Defendants further state, in their responses to Plaintiff's motion, that they "specifically reserve their right to object to the joinder of the parties as improper under Rule 20" and that "to the extent that the Court grants Plaintiffs leave to file their Substituted Third Amended Complaint," the Court "provide in its order that the granting of leave is without prejudice to Defendants' right to move or otherwise object at a later stage of the proceedings with respect to the joinder of the various parties in this action."  ECF No. 340 ¶ 3.  Plaintiffs object to this request.  *See* Pl.'s Reply at 3, ECF No. 343.  As Defendants have yet to file any potential objection to the joinder of parties as improper under Rule 20, the Court considers it premature to decide whether it would be timely or untimely for Defendants to do so at a later date.  Thus, this order is without prejudice to Defendants' right to object to the joinder of the various parties at later stages of this action.

Plaintiffs are directed to file the Substituted Third Amended Complaint, ECF No. 339-1.  As Defendants request, ECF No. 340 ¶ 4, Defendants shall file a responsive pleading thirty (30) days after new Defendants are served and have appeared in this matter.

SO ORDERED at Bridgeport, Connecticut, this 6th day of April, 2017.

                                                /s/ Victor A. Bolden
                                              Victor A. Bolden
                                              United States District Judge