UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL AND JOYCE HALLORAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARLEYSVILLE PREFERRED INSURANCE CO., et al., <br><br> Defendants. | No. 3:16-cv-00133 (VAB) |

**MOTION TO DISMISS OF STATE FARM FIRE & CASUALTY COMPANY**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant State Farm Fire & Casualty Company moves to dismiss Plaintiffs' Substituted Third Amended Class Action Complaint ("TAC," Dkt. 352) on the basis that Plaintiffs Donald and Nancy Poulin—the only Plaintiffs who were State Farm policyholders—fail to state a claim against State Farm, and lack standing to obtain a forward-looking declaration concerning the interpretation of State Farm's homeowners policy.

The Poulins' causes of action against State Farm arise out of a claim for coverage under the Poulins' one-year homeowners policy from State Farm that the Poulins made in February 2014. The Poulins have admitted that they described their alleged loss to State Farm as consisting of "horizontal and vertical cracks in their basement walls." (Second Am. Class Action Compl. (Dkt. 290-1) ¶ 458; TAC ¶ 924.) This description placed the Poulins' loss squarely within the scope of the policy's unambiguous "cracking" exclusion, which bars coverage for "any loss … which consists of, or is directly and immediately caused by … cracking … of foundation [or] walls." (Ex. A at 9.) State Farm thus denied the Poulins' claim, citing the cracking exclusion. State Farm's policy does not contain separate "collapse" coverage, and thus

**ORAL ARGUMENT REQUESTED**

the Poulins' claim did not raise any issues as to whether their home (which they no longer own) was in a state of collapse.

The Poulins have abandoned any claim for breach of contract against State Farm, leaving them with a single claim against State Farm for breach of the covenant of good faith and faith dealing (i.e., "bad faith").  The Poulins are also included in seven generally pleaded counts, which contain no specific allegations concerning either the Poulins or State Farm, for declaratory judgment, bad faith, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA).  All of these claims should be dismissed as against State Farm with prejudice.

*Bad Faith (Count 52).*  The Poulins' single bad faith claim suffers from numerous fatal defects.  *First*, this claim is time-barred under the 18-month contractual limitations provision in the Poulins' policy with State Farm.  *Second*, the Poulins are not entitled to coverage, which is a necessary element of a bad faith claim under Connecticut law, under numerous unambiguous policy exclusions.  *Third*, any claim based on State Farm's decision not to renew the policy must fail because the one-year policy does not entitle the Poulins to more than one year of coverage.  *Finally*, the Poulins have not plausibly alleged that State Farm acted with a dishonest purpose in either denying coverage or declining to renew the policy.

*Group-Pleaded Counts.*  The seven group-pleaded claims asserted against State Farm in the TAC must all be dismissed for failing to give State Farm fair notice, required by Fed. R. Civ. P. 8.  But even if this Court decides them on the merits, they should still be rejected.

*Declaratory Judgment (Counts 42 and 43).*  The Poulins lack standing to seek a declaration that the policy obligates State Farm to cover repairs for cracking, defective concrete walls.  The Poulins no longer own or live in the home that was the subject of

2

their claim, and do not allege to be current State Farm policyholders, or owners of another home with cracking concrete walls. Furthermore, the policy does not entitle the Poulins to coverage.

*Bad Faith (Counts 44 and 45).* The group-pleaded bad faith counts are duplicative of the Poulins' bad faith claim, and fail for the same reasons that claim does. And Count 45, which alleges bad faith in the manner in which Defendants amended their policies, cannot state a bad faith claim as a matter of law because no bad faith claim can arise out of pre-contract conduct.

*CUTPA/CUIPA (Counts 54, 56, and 57).* The TAC's claims for violations of CUTPA/CUIPA should also be dismissed. *First*, these claims are not pleaded with the required particularity. *Second*, the Poulins do not allege that they have suffered a cognizable loss, given that they are not entitled to benefits under the policy. *Third*, the TAC does not allege any "general business practice" by State Farm. *Finally*, the TAC does not state a claim for misrepresentation, as the Poulins never allege that State Farm made any affirmative misstatements of fact that the Poulins relied upon to their detriment.

For these reasons, and the reasons set forth in State Farm's accompanying Memorandum of Law, the Poulins' claims should be dismissed, and State Farm should be dismissed from this action with prejudice.

Attached hereto as **Exhibit A** is a true and correct copy of the State Farm Homeowners Policy pamphlet, Form FP-7955. This document is incorporated by reference in paragraph 921 of the TAC.

Attached hereto as **Exhibit B** is a true and correct copy of the Certified Policy Record for the homeowners policy of Donald and Nancy Poulin effective from January 5, 2014 to January 5,

2015, and including Form FE-3428 Homeowners Policy Endorsement (Connecticut).  This document is incorporated by reference in paragraph 921 of the TAC.

Attached hereto as **Exhibit C** is a true and correct copy of a letter from State Farm to Donald and Nancy Poulin dated February 21, 2014.  This document is incorporated by reference in paragraph 925 of the TAC.

Attached hereto as **Exhibit D** is a true and correct copy of a letter from State Farm to Donald and Nancy Poulin dated March 18, 2014.  This document is incorporated by reference in paragraph 931 of the TAC.

Attached hereto as **Exhibit E** is a true and correct copy of a letter from State Farm to Donald and Nancy Poulin dated October 28, 2014.  This document is incorporated by reference in paragraph 932 of the TAC.

| | |
|---|---|
| Dated:  Bridgeport, Connecticut<br>June 2, 2017 | Respectfully submitted,<br><br>DEFENDANT STATE FARM FIRE & CASUALTY COMPANY |
| | /s/ *Karen L. Karpie* |
| Douglas W. Dunham (Bar No. PHV 08028)<br>Guyon H. Knight (Bar No. PHV 08029)<br>QUINN EMANUEL URQUHART &<br>     SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>E-mail: douglasdunham@quinnemanuel.com<br>E-mail: guyonknight@quinnemanuel.com | Karen L. Karpie (Bar No. CT 04269)<br>Robert J. Sickinger (Bar No. CT 18425)<br>MURPHY KARPIE CONNELLY &<br>     SICKINGER, LLC<br>350 Fairfield Avenue, Suite 408<br>Bridgeport, Connecticut 06604<br>Tel: (203) 333-0177<br>Fax: (203) 333-8475<br>E-mail: karpie@murphykarpie.com<br>E-mail: sickinger@murphykarpie.com<br><br>*Its Attorneys* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

>*/s/ Robert J. Sickinger*
> Robert J. Sickinger, Esq.
> Bar No. CT 18425
> MURPHY KARPIE CONNELLY & SICKINGER, LLC