# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL AND JOYCE HALLORAN, ET AL,

Plaintiffs,

v.

HARLEYSVILLE PREFERRED INSURANCE COMPANY, ET AL.

Defendants.

CIVIL ACTION NO: 3:16-CV-00133-VAB

September 28, 2017

## CERTAIN DEFENDANTS' EMERGENCY MOTION TO STAY BRIEFING ON SUBSTITUTED THIRD AMENDED COMPLAINT

The undersigned defendants, on behalf of themselves and those defendants listed in Exhibit 1, respectfully submit this Motion to stay the briefing on the outstanding motions directed at the Substituted Third Amended Complaint (Docs. 373, 375, 377, 379, 381, 384, 387, 391, 394, 397, 399, 401, 403, 409, 411, 413, 415, 416, 420) while the parties brief Plaintiffs' recently filed motion for leave to file yet another amended complaint (Doc. 462). Pursuant to District of Connecticut Local Civil Rule 7(a)(3), Defendants request expedited treatment of this Motion. Plaintiffs filed their Motion for Leave to file a Fourth Amended Complaint after ten days had already elapsed from Defendants' 30-day window to prepare their replies in support of the outstanding 19 motions, and as a result, with just two and half weeks left before Defendants' reply briefs are due on October 16, 2017, Defendants need immediate guidance from the Court as to whether they may suspend preparation of their reply briefs, which is a significant undertaking. In addition to preparing a reply brief on the Defendants' Motion to Strike,

Defendants also need to prepare reply briefs to Plaintiffs' 189 page combined response brief to Defendants' individual and joint motions to dismiss.

On September 20, 2017, before Plaintiffs even served their Motion for Leave to File a Fourth Amended Complaint, Defendants' counsel conferred with Plaintiffs' counsel to request that Plaintiffs agree to the suspension of briefing on the outstanding motions given their forthcoming proposed amendment to the complaint. Nearly a week later, on September 25, 2017, counsel for Plaintiffs filed their motion to amend. The following day, September 26, 2017, Plaintiffs responded to Defendants' request and advised that they would oppose any suspension in the current briefing schedule and believed that Defendants' Replies on the outstanding motions to dismiss and any opposition to the Motion for Leave to File a Fourth Amended Complaint should proceed simultaneously.

In further support of this Motion, Defendants state as follows:

### Plaintiffs' Repeated Motions to Amend and "Correct"

The factual allegations and theories of liability in this case have been a moving target since it was first filed in 2016. In the 20 months since, this case has remained mired at the initial pleading stage due to the Plaintiffs' repeated motions to amend and/or "correct" the complaint. Indeed, no sooner did the Court grant plaintiffs leave to file a Second Amended Complaint on October 4, 2016 (Doc. 323), than Plaintiffs announced that they would be moving for leave to file a Third Amended Complaint to add and drop parties and amend allegations. That required this Court to vacate the initial scheduling order because of the forthcoming new pleading. (*See* Doc. 325-326.) Then Plaintiffs substituted a Third Amended Complaint correcting the initial Third Amended Complaint. (Doc. 332.) Finally, on April 6, 2017, Plaintiffs were granted leave

to file their Substituted Third Amended Complaint, and it appeared that the initial pleading was settled.  (Doc. 350.)

Defendants, at significant expense, then filed their initial motions directed to the Substituted Third Amended Complaint on June 2, 2017.  The parties appeared before the Court nearly 30 days later, on June 30, 2017, where Plaintiffs requested and were granted until September 15, 2017 to respond to the motions.  Plaintiffs at that time said nothing about further amendment, nor did they indicate to the Court or to the Defendants in the ensuing 10 weeks that further amendments would be forthcoming.  It was not until Plaintiffs filed their 189 page opposition to the Defendants' combined and individual Motions to Dismiss on September 15, 2017 (Doc. 458) that Plaintiffs declared that they would be moving for leave to file a sixth version of their complaint.  Even then, the Plaintiffs provided no advance warning of the vast size and scope of the changes that were proposed when Plaintiffs filed their Motion for Leave to file a Fourth Amended Complaint with the proposed Fourth Amended Complaint ten days later on September 25, 2017.  (Doc. 462.)

### Briefing on the Substituted Third Amended Complaint Must be Stayed

Plaintiffs' proffered Fourth Amended Complaint is a behemoth nearly three times the size of the current pleading.  It consists of 3003 paragraphs and 184 counts, spanning 410 pages.  By contrast, the current Substituted Third Amended Complaint had a mere 1037 Paragraphs, 57 Counts, and 148 pages.  Contrary to the claim of Plaintiffs' counsel, these new allegations may dramatically alter the claims as to numerous Defendants.  At a minimum, the complete upheaval of pagination, Count numbers, and paragraph references will vastly complicate the Court's consideration of the motions that have already been filed, to say nothing of the burden that the Defendants now face in trying to decide to what pleading their reply briefs should be directed.  It

therefore makes little sense to proceed with costly and time-consuming briefing on the current Substituted Third Amended Complaint unless and until the parties know whether further leave to amend will be granted.

The Defendants listed in Exhibit 1 will oppose Plaintiff's Motion for Leave to file a Fourth Amended Complaint. Contrary to Plaintiffs' representation, the proposed new complaint does not merely "correct typographical errors or missing information and drop[ ] 4 counts." (Doc. 462-10 at 3.) It is a massive revision of the already prolix Substituted Third Amended Complaint, with major revisions throughout. In addition to adding significant allegations to previously-existing counts, the Proposed Fourth Amended Complaint adds numerous new causes of action against Defendants whom such claims were not alleged in the Third Amended Complaint, and those claims (not alleged in the Third Amended Complaint) were not addressed in those Defendants' motions to dismiss. (*See, e.g.*, Proposed Fourth Amended Complaint Counts 98, 144.) Even if Plaintiffs' basic legal theories are similar, matching this new pleading up with the current motions is a daunting prospect that can only inject confusion into this record.

Therefore, Defendants respectfully request that this Court stay briefing on the Motion to Strike and the Motions to Dismiss while it decides whether to allow Plaintiffs leave to amend and file the Fourth Amended Complaint. If the Court does not allow leave, then the parties can proceed to finish the briefing on the Substituted Third Amended Complaint. Defendants would request 30 days from the date of the Court's denial of the Motion for Leave to Amend to file their replies in support of their Motions to Dismiss and Motions to Strike, with a rescheduled hearing on those Motions to be set at the Court's convenience. If the Court does allow leave for Plaintiffs to file their proposed Fourth Amended Complaint, then Defendants would request 45

days from the date of that order to answer, move, or otherwise plead to the Fourth Amended Complaint.

Proceeding in this fashion allows the Court and the parties to fully and clearly address the operative pleading, which was the same reason why this Court stayed Defendants' obligations to respond to prior versions of the Complaint when Plaintiffs indicated they would be filing proposed amendments. It would be highly wasteful of Defendants' resources, and the Court's, to continue briefing on the Substituted Third Amended Complaint when it may not be operative pleading. Moreover, with a proposed Fourth Amended Complaint outstanding, the reply briefs would be unnecessarily complicated and confusing by attempting to match up the Substituted Third Amended Complaint's allegations with the Fourth Amended Complaint's allegations while explaining how Plaintiffs' proposed revisions do or do not change Defendants' positions on the Motions to Dismiss and Motion to Strike. In short, there is simply no orderly way for Defendants listed on Exhibit 1 to continue with the current briefing schedule in light of Plaintiffs' new and massive proposed amendment.

WHEREFORE, Defendants request that this Court order as follows:

1) Briefing on the outstanding Motions directed to the Substituted Third Amended Complaint is stayed pending an order on the Plaintiffs' Motion for Leave to File a Fourth Amended Complaint;

2) Defendants have 45 days from the date of the order on this Motion to file a response to Plaintiffs' Motion for Leave to file a Fourth Amended Complaint;

3) The hearing set for November 16, 2017 is vacated; and

4)    Defendants have 30 days from the date of an order on Plaintiffs' Motion for Leave to File a Fourth Amended Complaint to file their replies directed to the Substituted Third Amended Complaint (if the Court denies the Motion for Leave), or 45 days from the date of an order on Plaintiffs' Motion for Leave to File a Fourth Amended Complaint to answer, move, or otherwise plead to the Fourth Amended Complaint (if the Court grants the Motion for Leave).

In the alternative, in the event that the Court were to deny this Motion, the undersigned Defendants respectfully request an extension of time until October 31, 2017 to file their reply briefs in support of the motions to dismiss and to strike class allegations.

Dated: September 28, 2017                     Respectfully submitted,


                                              By: /s/ Wystan M. Ackerman
                                                  Stephen E. Goldman (ct06224)
                                                  E-mail: sgoldman@rc.com
                                                  Wystan M. Ackerman (ct24090)
                                                  E-mail: wackerman@rc.com
                                                  Jessica A.R. Hamilton (ct29702)
                                                  E-mail: jhamilton@rc.com
                                                  Robinson & Cole LLP
                                                  280 Trumbull Street
                                                  Hartford, CT 06103-3597
                                                  Tel. No.: (860) 275-8200
                                                  Fax No.: (860) 275-8299

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Wystan M. Ackerman