UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL HALLORAN, et al.,
    Plaintiffs,

v.

HARLEYSVILLE PREFERRED
INSURANCE COMPANY, et al.,
    Defendants.

No. 3:16-cv-00133 (VAB)

**RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

On January 29, 2016, Plaintiffs, homeowners in Hartford, Tolland or Windham Counties in Connecticut brought a Class Action Complaint against their homeowners' insurance companies (collectively "Defendants"). ECF No. 1. Currently pending before the Court is Plaintiffs' motion for leave to file a Fourth Amended Complaint. *See* ECF No. 462.

The motion will be **GRANTED** for the reasons stated below.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **Factual Allegations**

Plaintiffs are individuals who either own homes or previously owned homes in Hartford, Tolland and Windham Counties in Connecticut. *See* Substituted Third Amended Class Action Complaint ("STAC") ¶ 1, ECF No. 352. They allege that each of their homes' basement walls are crumbling due to the oxidation of iron sulfide minerals present in the concrete; the oxidation causes the concrete to swell and crack and, "[u]ltimately, the Plaintiffs' homes will fall into their basements." *Id.* ¶ 2. Additionally, Plaintiffs claim their homes are impossible to sell and that the only solution to fix the cracking is to replace the basement walls. *Id.* ¶ 4.

1

Plaintiffs allege that they held homeowners insurance policies with Defendants, various insurance companies. They claim that, despite the damage and the policy coverage, Defendants wrongly denied coverage or will deny coverage. *Id.* ¶ 3. Plaintiffs filed this lawsuit against Defendants "individually and on behalf of others who are similarly-situated because they (1) have basement walls that are irreversibly deteriorating and failing and (2) have claims that have been denied or will be denied by the Defendant Insurance Companies." *Id.* ¶ 4. They allege breach of contract, breach of the implied warranty of good faith and fair dealing, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practice Act (CUIPA).

B.  **Procedural History**

Plaintiffs filed the first complaint in this case on January 29, 2016. *See* Compl. ECF No. 1. The initial complaint included seven named plaintiffs and more than one hundred defendants, all insurance companies. *Id.* ¶¶ 2. Before Defendants had responded, Plaintiffs filed an amended complaint that included additional defendants and claims on March 17, 2016. *See* First Amend. Class Action Compl., ECF No. 122. Plaintiffs then moved to certify a class, which they defined as:

> All individuals who own a home in the Connecticut towns of Manchester, Andover, Ellington, Stafford Springs or any other Connecticut town located east of the Connecticut River whose homes are insured by any of the Insurance Defendants, and whose homes have sustained 'pattern cracking' including but not limited to horizontal and vertical cracks on their basement walls, and whose bad foundation claims have been denied or will be denied by the Insurance Defendants, which denials are or will be based on the same standardized language regarding the term 'collapse', the term 'basement', the term 'foundation', the term 'decay', the term 'hidden', and the term 'retaining wall.'

Pls. Mot. for Class Certification, ECF No. 158.

The parties then sought different case management orders. *See* Pls. Proposed Case Management Order, ECF No. 239; Certain Defs. Non-Consented Mot. For Entry of Proposed Case Management Plan, ECF No. 240. The Court, in addressing these motions, provided that any motion for leave to file an amended complaint would be due by May 6, 2016. Order, ECF No. 254. It also denied Plaintiffs' motion for class certification without "prejudice to renewal following the Court's resolution of any motion to amend, and motions to dismiss directed at the amended complaint." *Id.*

Plaintiffs then moved for leave to file a second amended complaint on May 7, 2016. *See* Pl Mot. for Leave to Amend, ECF No. 290. Plaintiffs sought to add nine additional plaintiffs and four additional defendants, and to remove three defendants. *Id.* at 4-5. Plaintiffs also sought to add additional causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. *Id.* Defendants did not oppose amendment. *See* Defs. Resp., ECF No. 309. The Court granted the motion, noting the lack of objection. Order, ECF No. 323.

The parties then moved to amend the scheduling order, and Plaintiffs stated that they intended to file a third amended complaint. ECF No. 325. The Court granted the request and stayed responsive pleadings regarding the Second Amended Complaint. *See* Order, ECF No. 326.

Plaintiffs moved to amend the complaint and join additional parties on October 31, 2016; they sought to add nineteen new plaintiffs and reduce the overall number of defendants to thirty. *See* Pls. Mot. for Leave to Amend., ECF No. 332. Defendant State Farm Fire and Casualty Company opposed amendment, but other parties stated they had no opposition. *Compare* State Farm Fire and Casualty Co. Mem. of L. in Opp., ECf No. 337 (opposing Plaintiffs' motion for leave) *with* Defs. Resp., ECF No. 338 ("In the interest of judicial efficiency and economy for all

3

parties and this Court, the Defendants listed in Exhibit 1 do not oppose Plaintiff's Motion insofar as it seeks leave to file a Third Amended Complaint.").

Before the Court addressed the motion, however, Plaintiffs moved for leave to file a substituted third complaint on December 12, 2016. *See* Pl. Mot., ECF No. 339. Plaintiffs stated that the proposed "Substituted Third Amended Complaint" corrected a number of errors, deleted references to individuals and companies not in the case, corrected a number of errors in dates, damage estimates, and party names, and dropped a number of claims. *Id.* Defendants, in large part, again did not oppose amendment, although they noted that "the proposed Substituted Third Amended Complaint is Plaintiffs' fifth complaint in this case" and "[e]ach such amendment has not only delayed joinder of issue, but has caused Defendants to incur significant and unnecessary expenses in defending themselves." Defs. Resp. ¶ 1, ECF No. 340. Defendants did request, however, that further amendment be barred unless Plaintiffs demonstrated good cause under Federal Rule of Civil Procedure 16. *Id.* ¶ 2.

The Court granted Plaintiffs' motion and allowed the Substituted Third Amended Complaint to be filed. *See* Order on Mot. Amend Compl., ECF No. 350. The Court noted Defendants' consent. *Id.* at 1. This Court denied the Defendants' request to preclude future amendments unless Plaintiffs could show good cause: "Defendants cite no authority supporting their request that the Court preemptively impose a good cause standard on Plaintiffs' potential future requests to further amend the complaint in this case. The Court will not, therefore, order that Plaintiffs be precluded from any further amendments to the complaint in the absence of good cause." *Id.* at 2. Plaintiffs subsequently filed the Substituted Third Amended Complaint, ECF No. 352.

Defendants then filed numerous motions to dismiss. This included joint motions to dismiss several shared counts, ECF No. 373, and to strike the class allegations, ECF No. 375. Individual defendants also filed separate motions to dismiss. *See* Travelers Defs. Mot. Dismiss, ECF No. 377; Citizens Ins. Co. Mot. Dismiss., ECF No. 379; Bunker Hill Ins. Co., ECF No. 381; New London Cty. Mutual Ins. Co. Mot. Dismiss, ECF No. 384; Trumbull Ins. Co. Mot. Dismiss, ECF No. 387; Allstate Ins. Co. Mot. Dismiss, ECF No. 391; Metropolitan Group Mot. Dismiss, ECF No. 394; Kemper Independence Ins. Co. Mot. Dismiss, ECF No. 397; Liberty Entities' Mot. Dismiss, ECF No. 399;  Homesite Ins. Co. Mot. Dismiss, ECF No. 401; Amica Ins. Co. Mot. Dismiss, ECF No. 403; State Farm Mot. Dismiss, ECF No. 405;[1] Merrimack Mutual Fire Ins. Co. Mot. Dismiss, ECF No. 409; American Commerce Ins. Co. Mot. Dismiss, ECF No. 411; NGM Ins. Co. Mot. Dismiss, ECF No. 413; CSAA Fire and Cas. Ins. Co. Mot. Dismiss, ECF No. 415; Nationwide Property And Cas. Ins. Co. and Harleysville Preferred Ins. Co. Mot. Dismiss, ECF No. 416; Middlesex Mutual Assurance Co. Mot. Dismiss, ECF No. 420. Plaintiffs responded to these motions on September 15, 2018. *See* Pl. Mem. in Opp. re Mot. to Strike, ECF No. 475; Pls. Resp. to Mot. to Dismiss and Mot. to Sever, ECF No. 456; Pl. Mem. in Opp. Combined, ECF No. 458.

Plaintiffs then filed the pending motion to amend on September 25, 2017, seeking leave to file a Fourth Amended Complaint, ECF No. 462. They stated they sought leave to amend to delete parties and claims that are no longer being pursued in light of the issues raised in various motions to dismiss, delete references to individuals and companies not in the case, add counts between existing parties, and correct errors, missing, or confusing information. *Id.* at 1-2.

---

[1] State Farm also moved to sever. ECF No. 407.

Defendants then moved to stay briefing on the pending motions to dismiss until the Court issued its ruling on the motion to amend. *See* Defs. Mot. to Stay, ECF No. 463. Plaintiffs opposed the Defendants' motion to stay briefing. ECF No. 467.

On September 29, 2017, the Court amended the scheduling order. Order Amen. Sched. Order, ECF No. 470. The Court ordered Defendants to respond to the motion for leave to file a Fourth Amended Complaint within forty-five days. *Id.* at 2. Furthermore, the Court ordered that, should the Court deny leave to amend, Defendants would have thirty (30) days to file replies to the pending motions or, if the Court granted the motion, Defendants would have forty-five (45) days to answer, move to dismiss, or otherwise respond to the Fourth Amended Complaint. *Id.*

Defendants filed two objections to the leave to amend. First, a group of defendants jointly argue that, while the Court has the discretion to grant leave, it should not do so here because granting Plaintiffs' motion would lead to significant delay and increased litigation costs. Certain Defs. Opp. to Pls. Mot. ("Certain Defs. Opp."), ECF No. 480.[2] Certain Defendants note that "[a]fter nearly two years, this case has not progressed beyond the threshold pleadings phase." *Id.* at 2. They note that multiple defendants filed motions to dismiss, which they argue would have to be completely redrafted should the Court grant leave. But they argue that "[f]urther delay and

---

[2] Counsel for Liberty Mutual Fire Insurance Company, Peerless Insurance Company, and Safeco Insurance Company of America signed the opposition. Allstate Insurance Co., American Commerce Insurance Company, Bunker Hill Insurance Company, Citizens Insurance Company of America, CSAA Fire & Casualty Insurance Company, Fidelity and Guaranty Insurance Company, Harleysville Preferred Insurance Company, Homesite Insurance Company, Kemper Independence Insurance Co., Merrimack Mutual Fire Insurance Company, Metropolitan Group Property and Casualty Insurance Co., Nationwide Property & Casualty Insurance Company, NGM Insurance Company, New London County Mutual Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, The Standard Fire Insurance Company, The Travelers Home & Marine Insurance Company, The Travelers Indemnity Company of America, and Trumbull Insurance Company joined it. The Court will refer to these parties collectively as "Certain Defendants."

re-briefing make no sense in terms of judicial economy and sound case management." *Id.* at 3. Alternatively, Certain Defendants argue that the Court should prospectively bar any further amendment, *id.* at 6, and ask that the Court declare the pending motions to dismiss and motions to strike moot and allow them to be refiled. *Id.* at 7.

Second, Middlesex Mutual Assurance Company ("MMAC") filed an additional response to the motion for leave. Middlesex Mutual Assurance Co. Response ("MMAC Resp."), ECF No. 481. MMAC states that "Plaintiffs seek to amend the complaint to allow Plaintiffs David and Patricia Kandrysawtz and Plaintiff Kathleen Noblet to add eight entirely new claims against MMAC." MMAC Resp. at 1. MMAC argues that leave to amend should be denied because it asserts that both Ms. Noblet's and the Kandrysawtzs' claims were unreasonably delayed and those plaintiffs' claims are based upon facts they should have known at the filing of the Substituted Third Amended Complaint. *See* MMAC Resp. at 6-7. MMAC also argues that leave to amend should be denied as to the Kandrysawtzs' claims because it argues that their claims are time-barred and do not relate back to the original complaint, and the amendment therefore would be futile. MMAC Resp. at 7-12. Finally, MMAC argues, along similar lines as Certain Defendants, that it will be prejudiced if leave were to be granted because "MMAC would have to redraft and re-file dispositive motion papers addressing wholly new allegations . . . inexplicably omitted from the first five versions of this Complaint." MMAC Resp. at 14.

Plaintiffs filed a reply. *See* Pls. Rep., ECF No. 474. They argue that both Certain Defendants and MMAC have failed to show that they would be prejudiced by the amendment, and that the alleged burden—redrafting and refiling motions to dismiss—does not qualify as prejudice. *Id.* at 1. They also argue that the Kandrysawtzs' claims are not frivolous, and therefore not futile. *Id.* Finally, Plaintiffs argue the Court should "deny Certain Defendants' request that

7

the Court enter an order barring all further amendments of the Complaint unless 'good cause' is shown as unwarranted and unnecessarily punitive." *Id.*

## II. STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that parties may either amend once as a matter of course or, once the time period has elapsed, move for leave to file an amended complaint. Fed. R. Civ. P. 15(a). Parties who fail to file an amended complaint within 15(a)(1)'s time period, or who seek additional amendments, may seek the consent of their opposing party or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (internal citations omitted)); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)).

## III. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) requires that the Court "should freely give leave when justice so requires." Defendants argue that leave should be denied here because granting leave would result in undue delay or prejudice, or would be futile with the respect to certain claims against individual defendants. The Court disagrees and will grant the motion.

### A. Delay

Certain Defendants argue that leave to amend should be denied because, "[a]fter nearly two years, this case has not progressed beyond the threshold pleadings phase." Certain Defs. Opp. at 2. They recognize that "[i]t is undisputed that whether to grant plaintiffs' motion to amend rests in the sound discretion of the Court," *id.*, but request the Court deny leave because the parties would have to re-brief the pending motions to dismiss and motions to strike. *Id.* at 2-3 ("Further delay and re-briefing make no sense in terms of judicial economy and sound case management.").

MMAC raises two slightly different versions of the delay argument. First, citing case law from other Circuit Courts, but not the Second Circuit, MMAC argues that Plaintiffs have adopted a "'moving target' approach to litigation" and that MMAC would face "undue prejudice[]" should leave to amend be granted. MMAC Resp. at 13 (citing *Bowden v. Am. Home Mortg. Servicing, Inc.*, 512 Fed. App'x 468, 470-71 (6th Cir. 2013); *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006)). The company, however, does not identify prejudice other than that it "would have to redraft and re-file dispositive motion papers addressing wholly new allegations, previously known to the Kandrysawtzs and Noblet, but inexplicably omitted from the first five versions of this Complaint." MMAC Resp. at 14.

9

Second, MMAC argues that "no newly discovered facts motivated the proposed amendment." MMAC Resp. at 5. They argue that parties who knew facts and failed to previously plead them may be denied an additional opportunity to amend a given complaint. *Id.* (citing *Cty. of Washington v. Ctys. Of Warren & Washington Indus. Dev. Agency*, 2 Fed. App'x 71, 74-75 (2d Cir. 2001); *Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06-cv-1420 (AHN), 2008 WL 2397688, at *3 (D. Conn. June 10, 2008); *Holloway v. Dep't of Corr.*, No. 3:11-cv-1290 (VLB), 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013*); Nat'l Post Office Collaborative v. Donahoe*, No. 3:13-cv-1406 (JBA), 2014 WL 4544094, at *6 (D. Conn. Sept. 12, 2014).

The Second Circuit has "held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion . . . ." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (internal citations and quotation marks omitted). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981); *see also Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996) ("Although courts have recognized that prejudice tends to increase with delay . . . delay alone is seldom reason to deny a motion to amend." (internal citations omitted)).

In examining whether the non-moving party will be prejudiced by the amendment, the Court considers "among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo*, 514 F.3d at 192 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Undue prejudice might also be found where amendment is sought "on the eve of trial and would result in new problems of proof."

*Ruotolo*, 514 F.3d at 192 (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856); *see also Vigilant Ins. Co. v. Servco Oil, Inc.*, No. 3:09-cv-829 (JCH), 2010 WL 2710479, at *2 (D. Conn. July 7, 2010) ("In determining what constitutes 'prejudice,' this court must consider the following factors: (1) whether the amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) whether the amendment would significantly delay the resolution of the dispute; and (3) whether the amendment would prevent the plaintiff from bringing a timely action in another jurisdiction.")

This case is a complex action involving Plaintiffs who seek to represent a class in a suit against multiple defendants, as well some claims that relate to the class as a whole and some that relate to the interaction between subsets of plaintiffs and defendants. Some delay is inevitable given the posture of the case and, while the case has been pending for some time, discovery has not been completed nor have summary judgment motions been filed. *See State Teachers Ret. Bd.*, 654 F.2d at 856 (holding district court abused discretion in denying leave to amend where no trial date had been set, no motion for summary judgment had been filed, and there would be no serious difficulty in amending class definition). It is unlikely that granting amendment here would lead to significant additional resources to conduct discovery or cause significant further delay in the resolution of the case.[3]

Additionally, neither Certain Defendants nor MMAC have shown bad faith or dilatory tactics on behalf of the Plaintiffs. MMAC asserts only that both Noblet's and the Kandrysawtzs' new claims are based on facts that plaintiffs knew before filing the previous amended complaint

---

[3] In fact, Certain Defendants propose that the Court deny the motion to leave, address the motions to dismiss, and then allow amendment. Certain Defs. Opp. at 4. The Court sees no reason Certain Defendants' proposal would be any more efficient, or result in any less delay, than allowing Plaintiffs to amend now and then address future motions to dismiss in due course.

11

in this case. MMAC Resp. at 6-7. While MMAC correctly asserts that failure to allege known facts might be a grounds for denial of a leave to amend, Plaintiffs argue that "[d]espite diligent inquiry, Plaintiffs' counsel was unable to assert [the Kandrysawtzs' or Noblet's claims against MMAC] at that time." Pls. Rep. at 3. Additionally, Plaintiffs state that they "seek to align the pleadings with the most complete information available." *Id.* at 6. Plaintiffs have sought to amend their complaint as they have discovered new information and, while there has been some delay, it is not unreasonable such that the Court considers it to be dilatory or in bad faith.

Certain Defendants and MMAC have also not shown that they would face any prejudice. While both point to the partially-briefed motions to dismiss as reasons to deny amendment, the burden parties would face in redrafting these motions is minimal and such "burdens . . . are a necessary aspect of defending a valid claim." *Vigilant Ins. Co.*, 2010 WL 2710479, at *3.

In sum, the parties' arguments for denying the amendment fall short here. The Court therefore chooses to exercise its discretion and allow the leave to amend. *See Foman*, 371 U.S. at 182 ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .").

**B.     Futility**

MMAC raises an additional argument with respect to the Kandrysawtzs' newly alleged claims: that they are barred by a contractual provision and thus the amendment would be futile. *See* MMAC Resp. at 7. Leave to amend may be denied as futile in circumstances where "the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258; *see also Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 249 (D. Conn. 2014) ("An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis."). Claims barred by a

statute of limitations may be deemed futile. *Id. But see Garcia v. Pancho Villa's of Huntington Village, Inc.*, 268 F.R.D. 160, 166 (E.D.N.Y. 2010) ("Regardless, the statute of limitations is an affirmative defense . . . . As such, whether or not the statute of limitations should be equitably tolled here is an issue of fact better addressed on a motion for summary judgment or at the time of trial" rather than by denying leave to amend).

Courts in the Second Circuit, however, deem claims futile only where "no colorable grounds exist to support the proposed claim." *Allison v. Clos-ette Too, L.L.C.*, No. 14-cv-1618 (LAK)(JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); *see also Saxholm AS*, 938 F. Supp. at 124 ("Although leave to amend should not be granted in such circumstances . . . a proposed claim is futile only if it is clearly frivolous or legally insufficient on its face."); *Fed. Ins. Co. v. Speedboat Racing Ltd.*, No. 3:12-cv-1480 (CSH), 2017 WL 319170, at *4–5 (D. Conn. Jan. 23, 2017) ("An amendment is not futile if the claim it seeks to assert is colorable and not frivolous." (internal quotation marks and citations omitted)).

At this point in the litigation, the Court cannot say that the Kandrysawtzs' claims are frivolous or that they do not assert a colorable claim. MMAC argues that the Kandrysawtzs' claims are barred by a provision of the policy requiring lawsuits to be brought within "one year after the date of loss." MMAC Resp. at 9.

The company cites to cases where claims barred by statutes of limitations have been deemed futile and courts have therefore denied leave to amend. *See id.* at 7-8 (citing *Faryniarz*, 62 F. Supp. 3d at 249; *Doe v. Whidden*, 557 Fed. App'x 71, 73-74 (2d Cir. 2014); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000)). In doing so, MMAC seeks to draw an analogy between statutes of limitations and contractual suit limitation provisions and ultimately argue that the Kandrysawtzs' claims are futile, as if they violated a statute of limitation.

Plaintiffs respond that "[t]his Court may very well decide, as a matter of substantive law, that a contractual limitations defense such as the one asserted by MMAC is not properly considered on a motion to dismiss, and is instead a fact-laden determination that is more properly suited for a motion for summary judgment, or for trial." Pls. Rep. at 5 (citing *Belz v. Peerless Ins. Co.*, 204 F. Supp. 3d 457, 465 n.2 (D. Conn. 2016).

As an initial matter, a contractual suit limitation is not the same as a statute of limitations, for purposes of deciding whether to permit leave to amend. As one court in this District has noted, with respect to Connecticut law, "[t]hough the contractual suit limitation is enforceable, it 'does not operate as a statute of limitations.'" *Roberts v. Amica Mut. Ins. Co.*, No. 3:14-cv-1589 (SRU), 2015 WL 7458510, at *3 (D. Conn. Nov. 24, 2015) (quoting *Monteiro v. American Home Assurance Co.*, 177 Conn. 281, 283 (1979)). Regardless, the suit limitation provision is an affirmative defense, and is more appropriately raised at summary judgment or at trial. *Cf. Garcia*, 268 F.R.D. at 166. (granting leave to amend because "the determination" of a statute of limitation defense "requires a consideration of the merit of both parties' claims and defenses" and is "better addressed on a motion for summary judgment or at the time of trial.").

The determination of when a "collapse" occurred and, therefore, when the limitation period starts to run, is also likely to be fact-intensive. In *Belz*, for instance, this Court addressed a similar argument on summary judgment in a concrete case on nearly identical policy language. *See Belz*, 204 F. Supp. 3d at 464-65. The insurance company there had argued that "the 'collapse' of the Belzes' basement walls actually occurred closer to the time of purchase in 2001" and therefore it would be time-barred in a suit filed years later. *Id.* This Court noted that courts in this District have "determined that the 'date of loss' for purposes of an insurance policy's 'Suit Against Us' provision is the date on which the insured learned or should have

14

learned of the covered loss" and ultimately concluded this was an issue of material fact best left to the jury. *Belz*, 204 F. Supp. 3d at 465 n.2; *see also Metsack v. Liberty Mut. Fire Ins. Co.*, No. 3:14-cv-01150 (VLB), 2017 WL 706599, at *6 (D. Conn. Feb. 21, 2017) ("Viewed in the light most favorable to the Plaintiffs, a material issue of fact exists as to whether a covered collapse occurred before or during the period covered by the Liberty Mutual Policy.").

Ultimately, the Court holds that the Kandrysawtzs have asserted a colorable claim that is not frivolous, and therefore amendment would not be futile. To be clear, MMAC may still prevail on a motion to dismiss. But, because evaluating contractual limitation provisions are a fact-intensive endeavor ill-suited to a motion to dismiss, rather than a motion for summary judgment, it is inappropriate to rule out those claims at this preliminary stage and on such a limited factual record.[4]

### C. Alternative Relief

Certain Defendants also request that, should it grant leave to amend, the Court should place a prospective ban on future amendments unless good cause is shown. Certain Defs. Mem. at 6. They would also have this Court "order that amendments for the purpose of adding additional named plaintiffs do not constitute 'good cause' at this late date and, therefore, will not be permitted" *Id.* The Court will not do so, at least, right now.

The Court will continue to carefully exercise its discretion to evaluate any future motion for the factors considered above, such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[4] Plaintiffs also argue that the claims would be timely because they relate back to the original pleading or because the filing of the class complaint would toll statute of limitations for all potential members of the class. Pl. Rep. at 4-8. Having found the amendment is not futile, the Court will not address these arguments at this point.

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman*, 371 U.S. at 182. The longer the delay, and the now-numerous opportunities to amend, may make it increasingly difficult for Plaintiffs to argue further amendment is necessary. *Cf. Parker*, 204 F.3d at 340 ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party.").

But the Court will not ban further amendments to the Complaint in the abstract. The Court previously denied the same request, and it sees no reason to decide differently here. "The Court will not, therefore, order that Plaintiffs be precluded from any further amendments to the complaint in the absence of good cause." Order, ECF No. 350 at 2.

The Court previously laid out the appropriate course if it chooses, as it does here, to exercise its discretion and grant leave to amend. *See* Order Amending Scheduling Order, ECF No. 469 ("Should the Court grant Plaintiffs' Motion for Leave to Amend, Defendants have forty-five (45) days from the date of that order to answer, move, or otherwise plead as to the Fourth Amended Complaint."). The Court will continue to adhere to that schedule generally, but has added more specific deadlines in order to ensure that this case moves forward more expeditiously. *See Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases . . . .").

As a result, Plaintiffs are directed to file the Fourth Amended Complaint on the docket by February 16, 2018. Defendants will have until April 6, 2018, to move to dismiss or otherwise

respond to the Fourth Amended Complaint. Plaintiffs then will have until May 11, 2018, to respond to any motions to dismiss filed by Defendants and Defendants will have until June 1, 2018, to reply to any response filed by Plaintiffs to their motions to dismiss. Oral argument on any motions to dismiss filed will be held on Wednesday, June 27, 2018, at 10:00 a.m. Other than the oral argument date and time, the Court will not be granting any extensions of time or otherwise altering these deadlines.

Given the leave to amend, the following motions are dismissed as moot[5]:

- Joint Motion to Dismiss, ECF No. 373;

- Joint Motion to Strike, ECF No. 375;

- Travelers Defs. Mot. Dismiss, ECF No. 377;

- Citizens Ins. Co. Mot. Dismiss., ECF No. 379;

- Bunker Hill Ins. Co. Mot. Dismiss, ECF No. 381;

- New London County Mutual Ins. Co. Mot. Dismiss, ECF No. 384;

- Trumbull Ins. Co. Mot. Dismiss, ECF No. 387;

- Allstate Ins. Co. Mot. Dismiss, ECF No. 391;

- Metropolitan Group Mot. Dismiss, ECF No. 394;

- Kemper Independence Ins. Co. Mot. Dismiss, ECF No. 397;

- Liberty Entities' Mot. Dismiss, ECF No. 399;

- Homesite Ins. Co. Mot. Dismiss, ECF No. 401;

- Amica Ins. Co. Mot. Dismiss, ECF No. 403;

- Merrimack Mutual Fire Ins. Co. Mot. Dismiss, ECF No. 409;

---

[5] Two pending motions, ECF No. 405 and 407, are also moot as State Farm was dismissed from this action. *See* Notice, ECF No. 461.

- American Commerce Ins. Co. Mot. Dismiss, ECF No. 411;

- NGM Ins. Co. Mot. Dismiss, ECF No. 413;

- CSAA Fire and Casualty Ins. Co. Mot. Dismiss, ECF No. 415;

- Nationwide Property And Casualty Ins. Co. and Harleysville Preferred Ins. Co. Mot. Dismiss, ECF No. 416;

- Middlesex Mutual Assurance Co. Mot. Dismiss, ECF No. 420.

*See, e.g.*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation omitted)); *Holliday v. Augustine*, No. 3:14-cv-855 (SRU), 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) (noting "because the plaintiff timely filed his amended complaint, leave to amend is not required. The plaintiff's motion is denied as moot."). Defendants have forty-five (45) days to answer, move, or otherwise plead as to the operative complaint.

## IV. CONCLUSION

Plaintiffs Motion for Leave to Amend, ECF No. 462. is **GRANTED**. The pending motions addressing the Substituted Third Amended Complaint are **DISMISSED** as moot. *See* Joint Mot. Dismiss, ECF No. 373; Joint Mot. Strike, ECF No. 375; Travelers Defs. Mot. Dismiss, ECF No. 377; Citizens Ins. Co. Mot. Dismiss., ECF No. 379; Bunker Hill Ins. Co. Mot. Dismiss, ECF No. 381; New London County Mutual Ins. Co. Mot. Dismiss, ECF No. 384; Trumbull Ins. Co. Mot. Dismiss, ECF No. 387; Allstate Ins. Co. Mot. Dismiss, ECF No. 391; Metropolitan Group Mot. Dismiss, ECF No. 394; Kemper Independence Ins. Co. Mot. Dismiss, ECF No. 397; Liberty Entities' Mot. Dismiss, ECF No. 399; Homesite Ins. Co. Mot. Dismiss, ECF No. 401; Amica Ins. Co. Mot. Dismiss, ECF No. 403; State Farm Mot. Dismiss, ECF No.

405; State Farm Mot. Sever, ECF No. 407; Merrimack Mutual Fire Ins. Co. Mot. Dismiss, ECF No. 409; American Commerce Ins. Co. Mot. Dismiss, ECF No. 411; NGM Ins. Co. Mot. Dismiss, ECF No. 413; CSAA Fire and Casualty Ins. Co. Mot. Dismiss, ECF No. 415; Nationwide Property And Casualty Ins. Co. and Harleysville Preferred Ins. Co. Mot. Dismiss, ECF No. 416; Middlesex Mutual Assurance Co. Mot. Dismiss, ECF No. 420.

Plaintiffs are directed to file the Fourth Amended Complaint on the docket by **February 16, 2018**. Defendants will have until **April 6, 2018,** to move to dismiss or otherwise respond to the Fourth Amended Complaint. Plaintiffs then will have until **May 11, 2018,** to respond to any motions to dismiss filed by Defendants and Defendants will have until **June 1, 2018,** to reply to any response filed by Plaintiffs to their motions to dismiss. Oral argument on any motions to dismiss filed will be held on **Wednesday, June 27, 2018, at 10:00 a.m. in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT.**

SO ORDERED at Bridgeport, Connecticut, this 8th day of February, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge