UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL HALLORAN, et al., | : | DOCKET NO. 3:16-CV-00133-VAB |
| Plaintiffs | : | |
| vs. | : | |
| HARLEYSVILLE PREFERRED INSURANCE CO., et al., | : | |
| Defendants. | : | APRIL 6, 2018 |

### TRUMBULL INSURANCE COMPANY'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Trumbull Insurance Company ("Trumbull") moves to dismiss all of the claims asserted against it in the plaintiffs' "Fourth Amended Class Action Complaint." (ECF No. 488 ("Compl.").)  For the reasons set forth more fully in the accompanying Memorandum of Law, the plaintiffs' claims against Trumbull fail to state a claim upon which relief can be granted.

Of the thirty-one plaintiffs in this case, only one claims to have ever insured her house with Trumbull – Jacqueline Gribbon.  (*Id.*, Count Nineteen.)  Ms. Gribbon's Trumbull policy provided that, for "collapse" coverage to apply, the house must experience "an abrupt falling down or caving in" that rendered it incapable of being "occupied for its current intended purpose."  This is the same language that this Court applied to bar coverage for a cracking basement claim in *Hurlburt v. Massachusetts Homeland Insurance Co.,* No. 3:17-cv-00503 (VAB), 2018 WL 1035810 (D. Conn. Feb. 23, 2018).

Like the plaintiffs in *Hurlburt,* Ms. Gribbon has not pled that her house abruptly fell down or caved in, nor has she pled that it is incapable of occupation.  To the contrary, she affirmatively pled that those events have yet to occur.  (Compl. ¶¶ 2, 4, 339, 345.)  Because she has not pled the required elements of a collapse claim under Trumbull's form of insurance policy

**ORAL ARGUMENT REQUESTED**

– and also because she has not plausibly alleged a loss within the policy period of Trumbull's policy – her contract breach claim should be dismissed under Rule 12(b)(6).

The Court should dismiss Ms. Gribbon's other claims as well. She seeks a declaratory judgment (Count 83), claims that Trumbull breached the implied covenant of good faith and fair dealing (Count 129), and seeks relief under the Connecticut Unfair Trade Insurance Practices Act and the Connecticut Unfair Trade Practices Act (Count 175). Each of these counts fails to state a claim, as discussed more fully in the attached memorandum and also in the Memorandum of Law in Support of Certain Defendants' Joint Motion to Dismiss Counts 47 to 184 of the Fourth Amended Complaint, which Trumbull joins. (ECF Nos. 497, 497-2.)

The putative class action claims against Trumbull should be dismissed too. Once the Court dismisses Ms. Gribbon's claims, there will be no plaintiff in the case with any connection to Trumbull. The putative class claims cannot proceed if there is no such plaintiff. Trumbull should therefore be entirely dismissed from the case.

DEFENDANT, TRUMBULL
INSURANCE COMPANY,


By:    */s/ Thomas O. Farrish*
      Thomas O. Farrish (ct26917)
      *tofarrish@daypitney.com*
      John W. Cerreta (ct28919)
      *jcerreta@daypitney.com*
      Daniel J. Raccuia (ct29535)
      *draccuia@daypitney.com*
      Jennifer L. Shukla (ct30204)
      *jshukla@daypitney.com*
      Day Pitney LLP
      242 Trumbull Street
      Hartford, CT  06103-3499
      (860) 275-0100
      (860) 275-0343 (fax)

      Michael P. Mullins (ct29746)
      *mmullins@daypitney.com*
      Day Pitney LLP
      One International Place
      Boston, MA 02110
      (617) 345-4600
      (617) 345-4745

      Its Attorneys

## **CERTIFICATION**

I hereby certify that on the above date a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.


      */s/ Thomas O. Farrish*
      Thomas O. Farrish