# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL AND JOYCE HALLORAN, et al., Individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARLEYSVILLE PREFERRED INSURANCE CO., et al.,<br><br>Defendants. | NO.: 3:16-cv-00133-VAB |

## **DEFENDANT AMICA MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS.**

Defendant Amica Mutual Insurance Company ("Amica") moves that this Honorable Court dismiss all eight counts (Counts 15, 16, 58, 75, 104, 121, 150, and 167) brought against it in Plaintiffs' Fourth Amended Complaint ("Complaint") and enter judgment for Defendant. Plaintiffs Michael and Sue Furlong bring claims for Breach of Contract (Counts 15, and 16), Declaratory Judgment (Counts 58 and 75), Violation of the Implied Covenant of Good Faith and Fair Dealing (Counts 104 and 121) and Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and Connecticut Unfair Insurance Practices Act (CUIPA) (Counts 150 and 167), against Amica. As grounds in support Amica states:

(1) There is no coverage for "collapse" to a "foundation" under any insurance Policy Defendant ever issued to Plaintiffs. Based on the Amica policies' language, any "reasonable interpretation" of "foundation" must include the property's basement walls. Accordingly, Plaintiffs' claim for "collapse" of their foundation/basement walls fails as a matter of law.

    a. The Policies' language requires that (1) "foundations" exist above the "basement floor," and (2) "foundations" have "walls." Accordingly, any argument that

ORAL ARGUMENT REQUESTED
1250178,1

"foundation" is ambiguous and could refer to "footings" fails because "footings" do not exist *above* the "basement floor" and do not have "walls."

b. The Policies operative after March 16, 2007, provide even further support for this conclusion as they specifically, and repeatedly, delineate between the terms "footing" and "foundation."

c. Plaintiffs have not claimed damages for an "ensuing loss."

(2) The Connecticut State and Federal Courts have repeatedly held that Plaintiffs' claim for coverage under the "collapse" provision of the post-March 16, 2007 Amica insurance policies fails as a matter of law where the Complaint does not allege facts suggesting that: (1) the claimed damage was "abrupt," or (2) that "the [home] or any part of the [home] cannot be occupied for its intended purpose," as a result of the claimed damage. Clark v. Amica Mutual Ins. Co., No. 3:16-cv-01573 JBA, at docket entry 34; Chernosky v. Amica Mutual Ins. Co., 2018 WL 780217 (D. Conn. Jan. 24, 2018); England v. Amica Mut. Ins. Co., 2017 WL 3996394 (D. Conn. Sept. 11, 2017); Celentano v. Amica Mut. Ins. Co., No. 3:17-00359 JAM at docket entry 53; Mazzarella v. Amica Mut. Ins. Co., 2018 WL 780217 (D. Conn. Feb. 8, 2018); see Miller v. Allstate Ins. Co., 2017 WL 3763425 (D. Conn. Aug. 29, 2017); Clough v. Allstate Ins. Co., 2017 WL 3763841 (D. Conn. Aug. 29, 2017); Adams v. Allstate Ins. Co., 2017 WL 3763837 (D. Conn. Aug. 29, 2017); Agosti v. Merrimack Mut. Fire Ins. Co., 2017 WL 3710786 (D. Conn. Aug. 28, 2017); Metsack v. Liberty Mut. Fire Ins. Co., 2017 WL 706599 (D. Conn. Feb. 21, 2017); Alexander v. General Ins. Co. of America, No. 3:16-00059 SRU at docket entry 26; Perracchio, et al. v. Homesite Ins. Co., No. cv-16-6010324-S (Conn. Supr. Ct. March 6, 2018); Markland, et al. v. Homesite Ins. Co., No. cv-16-6010323-S (Conn. Supr. Ct. March 6, 2018); Musgrave, et al. v. State Farm Fire and Casualty Co., et al., No. cv-6009840-S (Conn. Super. Ct. Aug. 10, 2017); Toomey v. Central Mut. Ins. Co. et al., No. cv-15-6009841-S (Conn. Super. Ct. Aug. 3, 2017); Jemiola v. Hartford Ins. Co., 2017 WL 1258778 (Conn. Super. Mar. 2, 2017);

(3) Plaintiffs' claim for coverage under policies issued prior to March 16, 2007 fails as Plaintiffs do not "plausibly suggest[]" that there has been "substantial impairment to the[] structural integrity" of the basement walls of their home;

(4) Plaintiffs attempt to avoid dismissal of their claim by alleging that they "did not receive notice of" the relevant "collapse" language in the subject policies fails

2

because Plaintiffs received explicit notice of the relevant "collapse" language in Amica Policy number 680306-21DZ and Amica Policy number 640306-21MC;

(5) Declaratory Relief is not available because Plaintiffs have asserted Breach of Contract claims which, if successful, will provide complete relief; and

(6) The Furlongs' claims for Violation of the Implied Covenant of Good Faith and Fair Dealing (Counts 104 and 121) and Violation CUTPA and CUIPA (Counts 150 and 167) fail because their breach of contract claims fail, and accordingly Counts 104, 121, 150, and 167 are futile. Alternatively, Plaintiffs' claims for Violation of the Implied Covenant of Good Faith and Fair Dealing (Counts 104 and 121) and Violation CUTPA and CUIPA (Counts 150 and 167) fail because the Furlongs have failed to plead facts sufficient to show that Amica acted with the requisite bad faith to support a finding that they violated any implied covenant, CUTPA, and/or CUIPA.

Wherefore, Counts 15, 16, 58, 75, 104, 121, 150, and 167 brought against defendant Amica Mutual Insurance Company in Plaintiffs' Fourth Amended Complaint should be dismissed and judgment entered for defendant Amica Mutual Insurance Company.

In further support of its Motion to Dismiss, defendant Amica Mutual Insurance Company has also filed and incorporates by reference its supporting Memorandum of Law and all exhibits submitted therewith.

Additionally, Amica joins Certain Defendants' Joint Motion to Dismiss Counts 47 to 184 of the Fourth Amended Complaint in addressing Counts 58 and 75 (Declaratory Judgment), Count 121 (Breach of Implied Covenant of Good Faith and Fair Dealings), and Counts 150 and 167 (Violation of CUTPA and CUIPA), and adopts and incorporates all of the content as set forth in that Motion.

1250178,1

                                                          For the Defendant,
                                                         Amica Mutual Insurance Company,
                                                         By its Attorneys,

                                                         */s/ Anthony J. Antonellis*
                                                         _____
                                                         Anthony J. Antonellis, BBO #29323
                                                         Sloane & Walsh, LLP
                                                         Three Center Plaza, 8th Floor
                                                         Boston, Massachusetts 02108
                                                         Tel:    617-523-6010
                                                         Fax:    617-227-0927
                                                         Email: AAntonellis@sloanewalsh.com

Dated:  April 6, 2018

1250178,1

## CERTIFICATE OF SERVICE

  I, Anthony J. Antonellis, Esq., do hereby certify that on this 6th day of April, 2018, I caused the foregoing document to be filed via the ECF filing system copies of which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via email to those indicated as non-registered participants.

              */s/ Anthony J. Antonellis*

              _____
              Anthony J. Antonellis

1250178,1