## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL AND JOYCE HALLORAN, ET AL** | } | |
| | } | |
| **Plaintiffs** | } | **CIVIL ACTION NO.** |
| | } | **3:16-cv-00133 (VAB)** |
| **vs.** | } | |
| | } | |
| **HARLEYSVILLE PREFERRED INSURANCE** | } | |
| **CO., ET AL** | } | |
| | } | |
| **Defendants** | } | |

### DEFENDANT, MERRIMACK MUTUAL FIRE INSURANCE COMPANY'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

The Defendant, Merrimack Mutual Fire Insurance Company ("Merrimack"), hereby moves to dismiss the plaintiff's Fourth Amended Complaint ("FAC") as it fails to state claims upon which relief can be granted.   In support of this motion, the Defendant, Merrimack, hereby adopts the Joint Motion to Dismiss filed by certain defendants (Document #497 filed April 5, 2018) as to Counts 47 to 184.

Additionally, Merrimack moves to dismiss the following counts, in addition to those addressed in the Joint Motion to Dismiss: Count 26 (Breach of Contract – Lesperances v. Merrimack); Count 27 (Breach of Contract – Lesperances v. Merrimack); Count 28 (Breach

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

1

of Contract – Geoffrey Luxenberg v. Merrimack); Count 29 (Breach of Contract – Kelly

Luxenberg v. Merrimack); and Count 35 (Breach of Contract – McKinney v. Merrimack).

In support of its Motion to Dismiss Counts 26, 27, 28, 29 and 35, Merrimack provides

the following additional factual background and arguments relevant to each of these counts.

## STATEMENT OF FACTS

The FAC asserts claims against Merrimack by four sets of named plaintiffs: Alfred

and Jeannette Lesperance (the "Lesperances"); Geoffrey Luxenberg; Kelly Luxenberg; and

Mark and Carolyn McKinney (the "McKinneys"). Each of these sets of plaintiffs seeks

coverage under policies issued to them by Merrimack, and asserts claims against Merrimack

for Breach of Contract; Declaratory Judgment; Breach of the Implied Covenant of Good Faith

and Fair Dealing; and Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and

the Connecticut Unfair Insurance Practices Act (CUIPA). The alleged dates of coverage and

facts specific to each claimant that are relevant to this memorandum are set forth below.

### Lesperances v. Merrimack

Alfred and Jeannette Lesperance ("Lesperances") allege that they purchased the home

located at 35 Hercules Drive, Manchester, Connecticut in 1994 and transferred the home to

the Lesperance Family Trust (FAC at ¶472).

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

On February 28, 2015 the Lesperances claim to have discovered damage to their basement walls and on visible portions of the outside of their basement walls (FAC at ¶473). The Lesperances allege that they were insured continuously by a prior insurer, Nationwide, between May 2, 2007 to May 2, 2009 (FAC at ¶481).  The Lesperances allege that a direct physical loss occurred during the Nationwide policy (FAC at ¶486).  The Lesperances allege they were insured by Merrimack at least from May 1, 2013 to May 1, 2017 (FAC at ¶493).

The Lesperances allege that "[p]ursuant to the terms of the Merrimack policies in effect from May 1, 2013 to May 1, 2016,  Section I – Property Coverages, Other Coverages, Paragraph 10, as amended by Special Provisions – Connecticut Endorsement DP0106A (02/13) Merrimack agreed to provide coverage for 'direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following … b. hidden decay…f. use of defective material or methods in construction, remodeling or renovation.'"  (FAC at ¶ 495).[1] The Lesperances allege that, under this policy, "[l]oss to foundations or retaining walls is not included in the coverage unless the loss is a direct result of the collapse of a building.  Collapse does not include settling, cracking, shrinking, bulging or expansion." (FAC at ¶495).  This form of "collapse" provision has come

---

[1] The Lesperances and certain other plaintiffs do not cite accurate policy form/ endorsement numbers for the relevant policies, and in certain instances do not accurately quote the referenced policy language.  Those inaccuracies do not appear to impact the substance of Merrimack's Motion to Dismiss or this supporting Memorandum.

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

3

to be known, and will be referred to in this Memorandum, as the "older" version of the collapse provision.

The Lesperances at FAC at ¶506 also allege they were insured by Merrimack for the policy period May 1, 2016 to May 1, 2017 (the "2016 Merrimack Policy"), which was a renewal of the previous policy issued by Merrimack.

At FAC at ¶508 the Lesperances allege that the "collapse" provision of the 2016 Merrimack policy was different from those of their prior Merrimack policies. The Lesperances allege that the 2016 Merrimack policy includes the word "abrupt," so that the 2016 Merrimack policy provides coverage for "direct physical loss to covered property involving *abrupt* collapse of a building or any part of a building caused only by one or more of the following. . . (2) Decay . . . or (6) Use of defective material or methods in construction, remodeling or renovation." (FAC at ¶ 508, italics added.) The Lesperances allege that the 2016 Merrimack Policy further defined an "abrupt collapse" as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." (FAC at ¶509). This "collapse" provision has come to be known, and will be referred to in this Memorandum, as the "newer" version of the collapse provision.

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

The Lesperances make conclusory allegations that the concrete of their basement had "hidden decay," was made with "defective" material or methods, and that "direct physical loss" occurred during the Merrimack policy periods. ( FAC at ¶ 497-499.) The Lesperances also allege that they "discovered damage to their basement walls," but do not describe the damage or the extent of the damage. (see FAC at ¶473).  Instead, the Lesperances simply allege "upon information and belief" that their basement walls contain a sulfide mineral known as pyrrhotite, and make allegations about that mineral's characteristics and what they claim that it *will* do in the future. (*See* FAC at ¶ 477-478.)

The Lesperances make separate sets of claims against Merrimack with respect to the May 1, 2013 – May 1, 2016 Merrimack policies (hereinafter, the "2013-2015 Merrimack Policies"), which contained the older collapse provision, and the 2016 Merrimack Policy, which contained the newer collapse provision.  The Lesperances' claims include:

- Breach of Contract, Count 26 (2013-2015 Merrimack Policies) and Count 27 (2016 Merrimack Policy)

- Declaratory Judgment, Count 63 (2013-2015 Merrimack Policies) and Count 77 ("2016 Merrimack Policy)

- Breach of the Implied Covenant of Good Faith and Fair Dealing, Count 109 (2013-2015 Merrimack Policies) and Count 123 (2016 Merrimack Policy)

- Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), Count 155 (2013-2015 Merrimack Policies) and Count 169 (2016 Merrimack Policy)

{00737448;v1}
O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

5

**Geoffrey Luxenberg v. Merrimack**

Geoffrey Luxenberg alleges that he owns residential property located at 78 Deer Run Trail, Manchester, Connecticut (FAC at ¶519).  The property was constructed in 1984 and he purchased it on July 31, 2009 (FAC at ¶520).  Geoffrey Luxenberg alleges that "on March 31, 2016, [he] discovered damage to his basement walls and on visible portions of the outside of his basement walls" (FAC at ¶521).  He hired a licensed professional engineer to investigate (FAC at ¶522).  After inspection of the properties, the engineer advised that "the foundation walls will very likely" (emphasis added) continue to deteriorate "until they structurally fail" (FAC at ¶529).

Geoffrey Luxenberg alleges that his property was insured by Merrimack with policy number FP 5509398 for the period of June 22, 2015 to June 22, 2016.  (FAC at ¶ 530.)  Mr. Luxenberg alleges that this policy contained the older version of the collapse provision.  (FAC at ¶ 532.)  Mr. Luxenberg makes the conclusory allegation that "direct physical loss" occurred during the Merrimack policy period.  (FAC at ¶ 534-538.)  Mr. Luxenberg does not make allegations concerning the nature or extent of damage to his walls, however, other than conclusory allegations about the general characteristics of pyrrhotite and what his engineer allegedly stated it "will very likely" do in the future.  (*See* FAC at ¶ 525-529.)

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

6

Geoffrey Luxenberg has asserted the following claims against Merrimack:

- Breach of Contract, <u>Count 28</u>

- Declaratory Judgment, <u>Count 64</u>

- Breach of the Implied Covenant of Good Faith and Fair Dealing, <u>Count 110</u>

- Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), <u>Count 156</u>

## Kelly Luxenberg v. Merrimack

Kelly Luxenberg alleges she is the owner of residential property located at 45 Chatham Drive, Manchester, Connecticut (FAC at ¶543).   The property was constructed in 1984 and purchased by her in 2012 (FAC at ¶544).   She alleges that on March 31, 2016 she discovered "damage to her basement walls and on visible portions of the outside of her basement walls" (FAC at ¶545).   She hired a licensed professional engineer to investigate the cause (FAC at ¶546).   After inspecting the property, the licensed engineer concluded that "he was concerned that the condition will continue to deteriorate the concrete and the <u>foundation walls will very likely…structurally fail</u>." (Emphasis added) (FAC at ¶553).

Kelly Luxenberg alleges the property was insured with Merrimack with a policy number HP302667 2 for the period of June 22, 2015 to June 22, 2016 (FAC at ¶554).   She alleges that this policy contained the older version of the collapse provision.  (FAC at ¶ 556.)

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

7

She makes the conclusory allegation that the "failure of the basement walls was a direct physical loss" pursuant to the terms of the policy. (FAC at ¶ 556)  Like Geoffrey Luxenberg, however, Ms. Luxenberg does not make allegations concerning the nature or extent of the damage, other than conclusory allegations about the general characteristics of pyrrhotite and what her engineer allegedly stated it "will very likely" do in the future. (*See* FAC at ¶ 549-553.)

Kelly Luxenberg has asserted the following claims against Merrimack:

- Breach of Contract, <u>Count 29</u>

- Declaratory Judgment, <u>Count 65</u>

- Breach of the Implied Covenant of Good Faith and Fair Dealing, <u>Count 111</u>

- Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), <u>Count 157</u>

## McKinney v. Merrimack

Mark and Carolyn McKinney allege that they own and occupy the residential property located at 70 Yale Drive, Manchester, Connecticut since 2006 (FAC at ¶660-661).  The McKinneys allege that they "discovered damage to their basement walls" (FAC at ¶662).  The McKinneys allege that Merrimack continuously insured the premises from February 24, 2006 to the present, under policies containing the older version of the collapse provision (FAC at

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

¶667, 669).   The McKinneys make the conclusory allegation that the damage is a "direct physical loss" under that policy language (FAC at ¶669).   However, they do not describe the nature or extent of the alleged damage.   Instead, the McKinneys simply allege "upon information and belief" that their basement walls contain a sulfide mineral known as pyrrhotite, and make allegations about that mineral's general characteristics and what they claim that it *will* do in the future.   (*See* FAC at ¶ 477-478.)

The McKinneys allege that they reported this claim to Merrimack on May 30, 2013 and that it was denied on July 15, 2013 (FAC at 674-675).

The McKinneys have asserted the following claims against Merrimack:

- Breach of Contract, <u>Count 35</u>

- Declaratory Judgment, <u>Count 69</u>

- Breach of the Implied Covenant of Good Faith and Fair Dealing, <u>Count 115</u>

- Violation of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), <u>Count 161</u>

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

9

**LEGAL STANDARD**

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted), and its allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In making this determination, the Court "must draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

In ruling on a motion to dismiss, "the Court should follow a 'two-pronged approach' to evaluate the sufficiency of the complaint." <u>Protegrity Corp. v. Paymetric, Inc.</u>, 2014 U.S. Dist. LEXIS 106865, at *4 (D. Conn. Aug. 5, 2014) (quoting Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010)).  First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 679. "Although 'detailed factual allegations' are not required, a complaint must offer more than 'labels and conclusion,' or 'a formulaic recitation of the elements of a cause of action' or 'naked assertions' devoid of 'further factual enhancement.'" <u>P&S Printing LLC v. Tubelite, Inc.</u>, 2015 U.S. Dist. LEXIS 93060 at *4 (D. Conn. July 17, 2015) (Bolden, J.) (quoting Twombly, 550 U.S. at 555, 557) (alteration omitted).

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

10

Second, if the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim is facially plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" P&S Printing LLC, 2015 U.S. Dist. LEXIS 93060 at *4 (quoting Iqbal, 556 U.S. at 678). "'The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Iqbal, 556 U.S. at 678). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Protegrity Corp., 2014 U.S. Dist. LEXIS 106865, at *4 (internal quotation marks omitted). Accordingly, if a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570.

## ARGUMENT

Merrimack hereby adopts and incorporates by reference those arguments and grounds for dismissal raised in the Joint Motion to Dismiss as to the Declaratory Judgment, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Violation of CUTPA/ CUIPA counts asserted against Merrimack by the Lesperances, the Luxenbergs, and the McKinneys,

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

11

respectively.  As discussed in more detail in the Joint Motion to Dismiss, these counts are

subject to dismissal because, among other things:

- the Declaratory Judgment claims are duplicative of the plaintiffs' Breach of Contract claims;

- plaintiffs' extra-contractual claims fail if their underlying Breach of Contract claims are dismissed;

- plaintiffs' claims for Breach of the Implied Covenant of Good Faith and Fair Dealing allege nothing more than mere coverage disputes, which cannot support a bad faith claim, and they fail to plead individualized facts relating to any dishonest purpose, sinister motive, or other actions by Defendants;

- alleged revisions to their policy language by certain Defendants from the "older" version of the collapse provision to the "newer" version cannot support claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, for the reasons set forth in the Joint Motion to Dismiss; and

- plaintiffs' claims under CUTPA and CUIPA must be dismissed because, among other things, they fail to allege individualized conduct that could support such claims, they allege mere coverage disputes that cannot constitute violations of CUIPA, and they fail to allege "general business practices" as required for such claims.

In addition, the Breach of Contract counts asserted against Merrimack by each of these

sets of plaintiffs are subject to dismissal as well, for the reasons discussed below.

The Lesperances, Luxenbergs and McKinneys have each made claims that they

observed damage to their basement walls which they allege has occurred because of the use of

defective concrete in the construction of their residences.  They each claim that this damage

constitutes "direct physical loss" that is covered by the collapse provisions of their Merrimack

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

12

policies of insurance. They each claim that Merrimack has breached its contract by not covering the alleged claims. None of these plaintiffs, however, have adequately alleged a covered "collapse" within the meaning of their policies.

### A. The Lesperances Fail To State A Claim For Breach Of Contract In Counts 26 and 27.

As discussed above, in Count 26 the Lesperances allege that their 2013-2015 Merrimack Policies of insurance cover collapse (FAC Count 26 at ¶495) and set out the grant of coverage that has come to be known as the older version of a "collapse" provision.

In Count 27 the Lesperances claim that Merrimack issued the 2016 Merrimack Policy with language which has come to be known as the newer version of the collapse provision. To the extent that either policy is being reviewed, the first question that needs to be answered is, "Have the Lesperances alleged a claim for a breach of contract?"

As noted above, the older version of the collapse provision provides coverage for "direct physical loss to covered property involving collapse of a building or any part of a building. . . ." (FAC at ¶ 495.) Thus, to come within this provision, there must not only be "direct physical loss," but that loss must involve "collapse" of a building or part of a building.

The Connecticut Supreme Court in 1987 when confronting the issue of the definition of "collapse" in the case of Beach v. Middlesex Mutual Assurance Company, 205 Conn. 246 provided guidance on the meaning of this term. In that case, the trial court held that given the

{00737448;v1}
O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

13

uncontested facts that the foundation wall had tipped over and was no longer supporting the house, the house "was in imminent danger of falling over." Id. at 249.  On review, the Supreme Court supported the finding of the Trial Court that a collapse had occurred because "the term 'collapse' is sufficiently ambiguous to include coverage for any substantial impairment of structural integrity of a building." Id at 252.

The Lesperances simply have not alleged facts that would demonstrate that such an impairment exists.  They have alleged that they discovered "damage" (FAC at ¶473), but they do not describe or characterize that damage.  They then go on to allege that they believe that pyrrhotite is contained in the basement walls (FAC at ¶474), though they do not allege that their basement walls have been tested.  They make the conclusory assertion that their basement walls were made with defective material or methods in construction, remodeling, or renovation (FAC at ¶ 498), and allege that sometime in the future the concrete will fail (FAC at ¶476).  They do not allege facts that demonstrate any present structural impairment at all, let alone a "substantial" one.  These allegations are not sufficient to plead a collapse under the applicable law, no matter whether the review is made under the old version of "collapse" coverage or the new version.  Even taking everything that is pled in the light most favorable to the plaintiffs does not take these allegations of a covered "collapse" from the conceivable to the plausible.

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

Over time other cases have attempted to interpret what the Supreme Court intended in Beach. Merrimack joins in the arguments made by the other defendants as to the decisions that cite and discuss what the Beach court had in mind when it described a "substantial impairment of structural integrity." The reasoned conclusion was that the court's definition encompassed a structure that was in "imminent danger of falling over" or "unsafe to occupy for its intended purpose."

Here, the Lesperances have not alleged that their home, or part thereof, is in a state of "collapse" under this standard. They have not alleged that their home is in imminent danger of falling over or that it is unsafe to occupy for its intended purpose -- they, in fact, firmly allege that they are occupying the premises (FAC at ¶471). These allegations do not set forth facts that, if proven, would satisfy the "collapse" standard most likely to be adopted by the Connecticut Supreme Court – that is, a structure in "imminent danger of falling over" or "unsafe to occupy for its intended purpose."

In addition, the Lesperances' Breach of Contract claim as to the 2016 Merrimack Policy (Count 27) is subject to dismissal for additional reasons as well. First, the Lesperances claim that they discovered damage to their home on February 28, 2015 – over a year before the 2016 Merrimack Policy is alleged to have taken effect (on May 1, 2016). (FAC ¶¶ 473, 506.) Thus, the condition for which the Lesperances seek coverage is alleged to have existed

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

prior to the 2016 Merrimack Policy period and does not implicate that policy, in the first place.[2]

Moreover, even if the 2016 Merrimack Policy were implicated, its terms clearly do not cover the Lesperances' claim.  As noted above, that policy allegedly defines "collapse" as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose."  (FAC ¶ 509.) As discussed in the Joint Motion to Dismiss, courts have consistently held that claims such as the Lesperances' were not covered under such "collapse" language.  (See Joint Motion to Dismiss.)  And to the extent the Lesperances seek to avoid this definition of "collapse" entirely, by making the conclusory asserting that they did not receive "adequate notice" of this language, those arguments should be rejected for the same reasons stated in the Joint Motion to Dismiss,  which apply equally to Count 27 and are incorporated here.

Because they have not alleged a claim that is covered by the Merrimack policies, the Lesperances have failed to allege a breach of contract. "The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." <u>Flagstar Bank FSB v. Ticor Title Insurance Company</u>, 660

---

[2] This also serves as an additional ground for dismissal of the Lesperances' other counts concerning the 2016 Merrimack Policy, including their counts for Declaratory Judgment (Count 77), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 123), and Violation of CUTPA/ CUIPA (Count 169).

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

16

F. Supp. 2nd. 346, 350 (D. Conn. 2009); <u>Niegers v. Livingston, Adler, Pulda, Meiklejohn and Kelly, P.C.</u>, 311 Conn. 282, 291, 87 A.3rd 534 (2014)" <u>Karas v. Liberty Insurance Corporation</u>, 33 F. Supp. 3d 110, 114 (D. Conn. 2014).

The Lesperances in both Counts 26 and 27 have simply alleged that their home was insured by Merrimack.  They have alleged that insurance policy provides coverages for a collapse.  However, they have not alleged a collapse within the scope of the policies and therefore they have not alleged a breach of the insurance policies.  As there is not a breach, Counts 26 and 27 should be dismissed.

**B.** **<u>Geoffrey Luxenberg Fails to State A Claim For Breach Of Contract In Count 28.</u>**

In Count 28, Geoffrey Luxenberg alleges he owns the property located at 78 Deer Run Trail, Manchester, Connecticut (FAC at ¶519).  He alleges that on March 31, 2016, he discovered damage to his basement walls (FAC at ¶521).  He fails to describe the damage. He then goes on to allege that he was advised by a licensed engineer, "that he was concerned that the condition will continue to deteriorate the concrete and the foundation walls will <u>very likely bulge inward until they structurally fail</u>" (emphasis added) (FAC at ¶529).  He has not been advised, nor has it been alleged that the walls have presently fallen in or failed.

As with the Lesperances, Geoffrey Luxenberg has not alleged that his home or any part of his home is in imminent danger of falling over or cannot be occupied for its intended

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

purpose.  Moreover, he does not allege facts that demonstrate any present structural

impairment at all, let alone a "substantial" one.  For all the reasons set forth in Section A

above, these allegations are not sufficient to allege a "collapse" under applicable law, or a

"substantial impairment" of structural integrity, in any form.  As a result, no covered claim

has been alleged, no breach of contract claim exists and Count 28 should be dismissed.

### C.   Kelly Luxenberg Fails to State A Claim For Breach Of Contract In Count 29.

In Count 29, Kelly Luxenberg alleges she owns property located at 45 Chatham Drive,

Manchester, Connecticut (FAC at ¶543).  She alleges that on March 31, 2016, she discovered

damage to her basement walls (FAC at ¶545).  She fails to describe the damage, but then goes

on to allege she hired an engineer who advised her that, "he was concerned that the condition

will continue to deteriorate the concrete and the foundation walls will very likely bulge

inward until they structurally fail" (emphasis added) (FAC at ¶553).  She has not been

advised nor has she alleged that the walls have presently fallen in or failed.  For all of the

reasons set out in Sections A. and B. above, no "collapse" within the meaning of the

Merrimack policies has been alleged.

Ms. Luxenberg has not alleged that her home or any part of her home is in imminent

danger of falling over or cannot be occupied for its intended purpose.  Moreover, she does not

allege facts that demonstrate any present structural impairment at all, let alone a "substantial"

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

18

one.  As a result, Kelly Luxenberg has failed to allege a covered "collapse" or state a claim

for breach of contract and Count 29 should be dismissed.

      **D.**     **The McKinneys Fail to State A Claim For Breach Of Contract In Count 35.**

The McKinneys allege that they own and occupy residential property located at 70

Yale Drive, Manchester, Connecticut (FAC at ¶660).   They allege that they discovered

damage to their basement walls (FAC at ¶662), but they do not describe the damage.  They

allege that the damage occurred during the Merrimack policy periods (FAC at ¶ 673), but do

not provide a date as to when "damage" was discovered.  However, it must have been prior to

May 30, 2013, as that is the date when they allege that they reported their claim to

Merrimack. (FAC ¶ 674)

The McKinneys have not alleged that they are unable to occupy the house, nor do they

allege that the house has presently fallen in or failed.  The McKinneys also have not alleged

that the house is in imminent danger of falling over, nor have they alleged facts that

demonstrate any present structural impairment at all, let alone a "substantial" one.[3]

---

[3] In addition to the arguments set forth in this Memorandum, to the extent plaintiffs purport to seek relief against Merrimack under any of the counts in the Fourth Amended Complaint on behalf of "similarly situated homeowners," in addition to themselves, such claims are not actionable for the reasons stated in the Joint Motion to Dismiss and in the Motion to Strike Class Certification filed in this action, which arguments are hereby incorporated herein.

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

For all of the reasons discussed in sections A., B., and C. above, the McKinneys have failed to allege a covered "collapse" and have failed to state a claim of breach of contract, and Count 35 should be dismissed.

## CONCLUSION

For the foregoing reasons, Merrimack Mutual Fire Insurance Company respectfully requests that the Plaintiffs' Fourth Amended Complaint be dismissed in its entirety as to Merrimack, most particularly, the claims asserted against Merrimack by the Lesperances (Counts 26, 27, 63, 77, 109, 123, 155, 169), Geoffrey Luxenberg (Counts 28, 64, 110, 156), Kelly Luxenberg (Counts 29, 65, 111, 157), and the McKinneys (Counts 35, 69, 115, 161), and that the Court grant such other and further relief as it may deem just and appropriate.

**DEFENDANTS, MERRIMACK MUTUAL FIRE INSURANCE CO. and CAMBRIDGE MUTUAL FIRE INSURANCE CO.**

Date:  April 6, 2018

**Susan L. Miller, ct06385**
**Allison A. Russo, ct28348**
**O'Connell, Attmore & Morris, LLC**
**280 Trumbull Street, 23rd Floor**
**Hartford, Connecticut 06103**
**smiller@oamlaw.com**
**arusso@oamlaw.com**
**Telephone: (860) 548-1300**
**Facsimile: (860) 548-0023**

{00737448;v1}

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

20

## CERTIFICATE OF SERVICE

      I hereby certify that on  April 6, 2018, a copy of the foregoing, Defendant, Merrimack Mutual Insurance Company's Memorandum of Law In Support of Motion to Dismiss, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

***Courtesy copy to:***
The Honorable Victor A. Bolden
United States District Judge
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

                                          Susan L. Miller

SLM/sjp

O'CONNELL, ATTMORE & MORRIS, LLC
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023