# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL AND JOYCE HALLORAN, et al., Individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HARLEYSVILLE PREFERRED INSURANCE CO., *et al.*, <br><br> Defendants. | NO.: 3:16-cv-00133-VAB <br><br> APRIL 6, 2018 |

## DEFENDANT MIDDLESEX MUTUAL ASSURANCE COMPANY'S MOTION TO DISMISS

Defendant Middlesex Mutual Assurance Company ("MMAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by and through undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiff's Fourth Amended Class Action Complaint ("FAC") (ECF No. 488) against MMAC in its entirety with prejudice.  In further support of its Motion to Dismiss, MMAC files herewith and incorporates by reference its Memorandum of Law, as well as incorporates by reference the "Certain Defendants Joint Motion to Dismiss Counts 47-184 of the Fourth Amended Complaint" (ECF No. 497), and its accompanying Memorandum of Law (ECF No. 497-2) ("Omnibus Motion to Dismiss").

As is more fully set forth in MMAC's Memorandum of Law and the Omnibus Motion to Dismiss, the Kandrysawtzs fail to state a claim against MMAC upon which relief can be granted because their FAC allegations demonstrate that each of their claims (Counts 21, 60, 106, 152) is

**ORAL ARGUMENT REQUESTED – SCHEDULED FOR JUNE 27, 2018 AT 10:00 A.M.**

time-barred by their policy's contractual limitations period. Additionally, the Kandrysawtzs' breach of contract claim (Count 21) fails because coverage for their loss is precluded by the unambiguous limitations and exclusions set forth in their policy, and they have not suffered a covered "collapse" under the definition set forth in their policy, which excludes coverage for "cracking…or expansion." Noblet's breach of contract claim (Count 36) fails because coverage for her loss is precluded by the unambiguous limitations and exclusions set forth in her policy, and because her FAC allegations demonstrate that she has not suffered a covered "collapse" under the definition set forth in her policy, which requires "an abrupt falling down or caving in." Finally, the Kandrysawtzs' and Noblet's remaining claims for declaratory judgment (Counts 60 and 87 respectively), bad faith (Counts 106 and 133 respectively), and violation of CUIPA and CUPTA (Counts 152 and 179 respectively) fail for the reasons set forth in the Omnibus Motion, and because they cannot survive the dismissal of the Kandrysawtzs' and Noblet's breach of contract claims.

WHEREFORE, for the reasons set forth above, in Defendant MMAC's Memorandum of Law, and in the Omnibus Motion to Dismiss, MMAC respectfully requests that its Motion to Dismiss be granted with prejudice.

Respectfully submitted,

**KELLY & WALKER LLC**

/s/William J. Kelly III
William J. Kelly III, phv08144
1512 Larimer Street, Suite 200
Denver, CO 80202
Tel. (720) 236-1800/Fax. (720) 236-1799
Email: wkelly@kellywalkerlaw.com

-with-

**LITCHFIELD CAVO LLP**

/s/Peter J. Ponziani
Peter J. Ponziani, CT 05265
Kathleen F. Adams, CT 28120
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089-9637
Tel. (860) 413-2800/Fax. (830) 413-2801
Email: ponziani@litchfieldcavo.com
          adamsk@litchfieldcavo.com

*Attorneys for Defendant Middlesex Mutual Assurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing systems and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through CM/ECF.

/s/ William J. Kelly III
William J. Kelly III, phv08144
1512 Larimer Street, Suite 200
Denver, CO 80202
Tel. (720) 236-1800/Fax. (720) 236-1799
Email: wkelly@kellywalkerlaw.com