UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael and Joyce Halloran, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:16-cv-133 |
| ) | |
| Harleysville Preferred Insurance Co., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION BY HARLEYSVILLE PREFERRED INSURANCE CO. TO DISMISS COUNTS 4, 12, 49, 55, 95, 101, 141, AND 147 OF THE FOURTH AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Harleysville Preferred Insurance Co. ("Harleysville") hereby moves to dismiss all counts brought against it in the Fourth Amended Class Action Complaint (Doc. 488) (the "FAC") by Michael Dyer ("Dyer") and Michael and Joyce Halloran ("Halloran").[1] Harleysville also hereby adopts and fully incorporates the Motion and corresponding Memorandum of Law In Support of Motion by Certain Defendants to Dismiss Counts 47-184 of the Fourth Amended Complaint filed on April 5, 2018 (Doc. 497) ("Defendants' Joint Motion to Dismiss"). The grounds for this Motion, which are more fully stated in the accompanying Memorandum of Law, are as follows:

This case centers around Plaintiffs' allegation that their homes were made with concrete that contains a deleterious chemical compound that eventually will cause their homes to fall to the ground. (FAC ¶ 2.) It is undisputed, however, that Plaintiffs' homes are still standing. (*See*, FAC ¶¶ 2, 53, 96, 97, 257, 258.) Succinctly stated, there has been no "collapse" as that term is defined in the operative insurance policies, regardless of whether Plaintiffs characterize the condition of their homes a "collapse" or "state of collapse." Accordingly, Plaintiffs cannot state

---

[1] Halloran and Dyer shall be referred to collectively as ("Plaintiffs.")

a viable breach of contract claim against Harleysville. Plaintiffs' declaratory judgment claims (Counts 49 and 55) turn on the exact same facts, and seek the exact same relief, as the breach of contract claims that Plaintiffs assert. Thus, they fail as duplicative as a matter of black-letter law. Likewise, absent a breach of the underlying policy, Plaintiffs' remaining claims, including the "bad faith claims" and those brought under the Connecticut Unfair Insurance Practices Act ("CUIPA") (Conn. Gen. Stat. § 38a-815, *et seq.*) and Connecticut Unfair Trade Practices Act ("CUTPA") (Conn. Gen. Stat. § 42-110a, *et seq.*) also fail as a matter of law.

WHEREFORE, Harleysville Preferred Insurance Company. respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing all counts brought against it in the Fourth Amended Class Action Complaint, with prejudice.

April 6, 2018                                       Respectfully submitted,

                                                    DEFENDANT – HARLEYSVILLE
                                                    PREFERRED INSURANCE COMPANY


                                                    By  /s/Daniel M. Blouin
                                                    Daniel M. Blouin, Esq.

                                                    Seyfarth Shaw LLP
                                                    233 S. Wacker, Suite 8000
                                                    Chicago, IL 60606
                                                    T: 312 460 5966
                                                    Its Attorneys

45670752v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

    /s/ Daniel M. Blouin

45670752v.1