UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael and Joyce Halloran, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:16-cv-133 |
| ) | |
| Harleysville Preferred Insurance Co., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION BY NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO. TO DISMISS COUNTS 25, 86, 132, AND 178 OF THE FOURTH AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Nationwide Property & Casualty Insurance Co ("Nationwide") hereby moves to dismiss all counts brought against it in the Fourth Amended Class Action Complaint (Doc. 488) (the "FAC") by Alfred and Jeannette Lesperance and the Lesperance Family Living Trust (collectively "Lesperance" or "Plaintiff"). Nationwide also hereby adopts and fully incorporates the Motion and corresponding Memorandum of Law In Support of Motion by Certain Defendants to Dismiss Counts 47-184 of the Fourth Amended Complaint filed on April 5, 2018 (Doc. 497) ("Defendants' Joint Motion to Dismiss"). The grounds for this Motion, which are more fully stated in the accompanying Memorandum of Law, are as follows:

This case centers around Lesperance's allegation that his home was made with concrete that contains a deleterious chemical compound that eventually will cause the home to fall to the ground. (FAC ¶ 2.) It is undisputed, however, that Lesperance's home is still standing. (*See*, FAC ¶¶ 2, 53, 477, 478.) Likewise, it is undisputed that the deterioration of his basement walls was not "abrupt" or "sudden." To the contrary, the "deterioration" process, if any, has been gradually occurring since the home was constructed many years ago. (*Id.*)

Succinctly stated, there has been no "collapse" as that term is defined in the operative insurance policies. Accordingly, Lesperance cannot state a viable breach of contract claim against Nationwide. Lesperance's declaratory judgment claim (Count 86) turns on the exact same facts, and seeks the exact same relief as the breach of contract claim that Lesperance asserts.  Thus, the declaratory judgment claim also fails. Likewise, absent a breach of the underlying policy, Lesperance's remaining claims, including the "bad faith claims" and those brought under the Connecticut Unfair Insurance Practices Act ("CUIPA") (Conn. Gen. Stat. § 38a-815, *et seq.*) and Connecticut Unfair Trade Practices Act ("CUTPA") (Conn. Gen. Stat. § 42-110a, *et seq.*) also fail as a matter of law.

WHEREFORE, Nationwide Property & Casualty Insurance Co. respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing all counts brought against it in the Fourth Amended Class Action Complaint, with prejudice.

April 6, 2018                                              Respectfully submitted,

                                                           DEFENDANT – NATIONWIDE
                                                           PROPERTY & CASUALTY INSURANCE
                                                           COMPANY


                                                           By  /s/ Daniel M. Blouin
                                                           Daniel M. Blouin, Esq.

                                                           Seyfarth Shaw LLP
                                                           233 S. Wacker, Suite 8000
                                                           Chicago, IL 60606
                                                           T: 312 460 5966
                                                           Its Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ Daniel M. Blouin

45666888v.1